Opinion
RUBIN, J.
Rafael Madrigal appeals from the judgment upholding the decision of the California Victim Compensation and Government Claims Board (Board) to deny Madrigal compensation for wrongful imprisonment *1111 after the Board found that Madrigal had not proven he was factually innocent of attempted murder. We hold that the Board erred when it refused to be bound by the findings in a federal district court’s order granting Madrigal’s habeas corpus petition due to ineffective assistance of counsel. Because it was reasonably probable that consideration of those findings would have caused the Board to award compensation, we reverse and remand for a new hearing before the Board.
FACTS AND PROCEDURAL HISTORY
Rafael Madrigal was convicted in 2003 of attempted murder after eyewitnesses identified him as the passenger in a car who, after approaching rival gang members, fired a gunshot that struck and wounded Ricardo Aguilera. As is usual with such cases, there were conflicts, inconsistencies, and weaknesses in the witnesses’ testimony.
Madrigal contended he had been at work when the incident occurred. Steve Finley, who was the floor supervisor where Madrigal worked, testified that Madrigal had been at work that day until 3:30 p.m., while the shooting took place about 45 minutes away between 3:00 p.m. and 4:00 p.m. However, Finley admitted that the laminating machine Madrigal operated shut down at 1:50 p.m. that day, that Madrigal could have left up to an hour early without his knowledge, and that instead of Madrigal punching out his time card at 3:30 p.m. on the day of the shooting, Finley recorded that time the next day after talking to Madrigal’s brother Victor, who also worked at the plant.[1]
In September 2009, a judge of the United States District Court accepted the findings of a magistrate judge and granted Madrigal’s petition for writ of habeas corpus on the ground that he received ineffective assistance of counsel at his 2003 trial. The deficiencies fell into four categories.
First, defense counsel’s failure to introduce a secretly recorded jailhouse conversation of Madrigal’s codefendant Olivares, who drove the car involved in the shooting. In that conversation, Olivares tells his girlfriend that he cautioned Madrigal about having his brother, Victor, ask around about who the real shooter might have been, and suggests that Madrigal knew nothing about who committed the shooting.
Second, defense counsel’s failure to call Madrigal as a witness after telling the jury during opening statement that Madrigal would testify. Madrigal would have told the jury about his alibi defense and his belief that someone named Mendoza had been the shooter.
*1112 Third, defense counsel’s failure to investigate and present alibi testimony from Robert Howard, who was Madrigal’s ultimate supervisor, and who claimed that Madrigal had been at work until 3:00 p.m. on the day of the shooting because only Madrigal could operate a certain machine and Howard would have known if that machine had been shut down early.
Fourth, defense counsel’s failure to call Madrigal’s brother, Victor, as a witness, because Victor would have testified that he was at work with Madrigal when the shooting occurred, and otherwise would have corroborated Madrigal’s alibi.
The magistrate found that Madrigal had been prejudiced by counsel’s omissions because, had the missing evidence and omitted witnesses been presented, a different result was reasonably probable. In the context of these ultimate findings, the magistrate made several characterizations about the evidence. The Olivares jailhouse audiotape was “highly reliable and exculpatory evidence in support of [an alibi] defense.” The tapes were “compelling evidence to bolster” Madrigal’s claim that Mendoza had been the shooter. The prosecution’s case was weak. Supervisor Howard’s testimony would have provided “a complete alibi and undermined the eyewitness” identifications. Howard’s testimony was “certain and unequivocal” and he would have “made a very strong witness” because “his testimony was clear, straightforward, and credible,” and would have provided strong support for Madrigal’s alibi defense. Victor’s testimony would have been corroborative of, and was consistent with, that of floor supervisor Finley. The eyewitness testimony about the shooting was questionable.
One month later, the magistrate issued an order granting Madrigal release on bail pending the prosecutor’s decision whether to retry Madrigal. Among the factors the magistrate considered was the possibility of irreparable harm to Madrigal should bail be denied. In finding that such harm was likely, the magistrate noted that there was “compelling evidence in this case that [Madrigal] is actually innocent of the crime for which he was convicted. Based upon the alibi evidence that was presented at the evidentiary hearing, it would have been impossible for [Madrigal] to be at the scene of the crime at the time it was committed. The secretly recorded jailhouse tape of the conversation between [codefendant] Olivares [and his girlfriend] demonstrates that [Madrigal] was not involved in and did not know who committed the offense for which he was charged and convicted. The eyewitness identifications were conflicting and unreliable. Finally, there is evidence of a favorable polygraph examination in 2006, conducted by a 23-year veteran of the F.B.I.”
In July 2011, the superior court dismissed the still-pending criminal case against Madrigal after the prosecution announced it was not ready to retry *1113 him. In September 2011, Madrigal filed a complaint with the Board seeking compensation for the time he was jailed because he was innocent of the charges. (Pen. Code, § 4900 et seq.)
Following a contested evidentiary hearing, a hearing officer issued a proposed decision in November 2013 denying Madrigal’s claim after finding that Madrigal had not proven his innocence by a preponderance of the evidence. Before the Board could act on the proposed decision, new legislation took effect in January 2014 that made binding certain factual findings from habeas corpus and other rulings that went to the issue of a claimant’s actual innocence.[2] The hearing officer then issued a new proposed decision, ostensibly in light of the changes to the law, concluding that (1) the habeas corpus findings were not the type that became binding under the new provisions, and (2) Madrigal still failed to prove his actual innocence. The Board adopted those findings by a two-to-one decision in March 2014 and denied Madrigal’s claim.
Madrigal then brought an administrative mandate action against the Board. The trial court found that the Board’s decision was legally and factually correct and entered judgment for the Board.[3]
STANDARD OF REVIEW
The parties agree that, because Madrigal did not have a fundamental vested right to compensation from the Board, we review the Board’s decision to determine whether it is supported by substantial evidence. (Tennison v. California Victim Comp. & Government Claims Bd. (2007) 152 Cal.App.4th 1164, 1182 [62 Cal.Rptr.3d 88].) However, to the extent we construe statutory provisions, an issue of law is presented that we review by applying the rules of statutory interpretation. (Harbor Regional Center v. Office of Administrative Hearings (2012) 210 Cal.App.4th 293, 304 [147 Cal.Rptr.3d 884].)
The fundamental rule of statutory construction is to ascertain the Legislature’s intent in order to give effect to the purpose of the law. (Pasadena Metro Blue Line Construction Authority v. Pacific Bell Telephone Co. (2006) 140 Cal.App.4th 658, 663-664 [44 Cal.Rptr.3d 556] (Pasadena Metro Blue Line).) We first examine the words of the statute and try to give effect to the usual, ordinary import of the language while not rendering any language surplusage. The words must be construed in context and in light of the statute’s obvious nature and purpose. The terms of the statute must be given a reasonable and commonsense interpretation that is consistent with the Legislature’s apparent purpose and intention. (Id. at p. 664.) Our interpretation *1114 should be practical, not technical, and should also result in wise policy, not mischief or absurdity. (Ibid.) We do not interpret statutes in isolation. Instead, we read every statute with reference to the entire scheme of law of which it is a part in order to harmonize the whole. (20th Century Ins. Co. v. Superior Court (2001) 90 Cal.App.4th 1247, 1275 [109 Cal.Rptr.2d 611].)
If the statutory language is clear, we should not change it to accomplish a purpose that does not appear on the face of the statute or from its legislative history. (Pasadena Metro Blue Line, supra, 140 Cal.App.4th at p. 664.) If there is more than one reasonable interpretation of a statute, then it is ambiguous. (Joannou v. City of Rancho Palos Verdes (2013) 219 Cal.App.4th 746, 752 [162 Cal.Rptr.3d 158] (Joannou).) If so, we turn to secondary rules of construction, including maxims of construction, the legislative history, and the wider historical circumstances of a statute’s enactment. (Ibid.)
DISCUSSION
1. The Law Applicable to Compensation Claims for the Wrongly Convicted
Effective January 1, 2014, statutes governing compensation for wrongly convicted persons were either enacted or amended to provide that under some circumstances, findings made as part of habeas corpus and other proceedings had binding effect on the Board when considering compensation claims. We set forth those statutes in relevant part.
First, section 1485.5 was added to the Penal Code.[4] (Stats. 2013, ch. 800, § 2.) It bore the subject heading, “Stipulation to or no contest of allegations underlying grounds for granting writ of habeas corpus or motion to vacate judgment; facts binding on Attorney General, factfinder, and California Victim Compensation Board; notice of stipulation of facts; express factual findings, including credibility determinations, to be binding.”
The statute itself provides: “(a) If the district attorney or Attorney General stipulates to or does not contest the factual allegations underlying one or more of the grounds for granting a writ of habeas corpus or a motion to vacate a judgment, the facts underlying the basis for the court’s ruling or order shall be binding on the Attorney General, the factfinder, and the California Victim Compensation Board. [¶] . . . [¶]
“(c) The express factual findings made by the court, including credibility determinations, in considering a petition for habeas corpus, a motion to *1115 vacate judgment pursuant to Section 1473.6,[5] or an application for a certificate of factual innocence, shall be binding on the Attorney General, the factfinder, and the California Victim Compensation Board.”[6] (§ 1485.5.)
Section 1485.55 was enacted at the same time. (Stats. 2013, ch. 800, § 3.) Its subject heading states, ‘“Contested proceedings; granting writ of habeas corpus, judgment vacated, and finding that new evidence points to innocence; finding binding on California Victim Compensation Board; payment of claim; petition for finding of innocence by preponderance of evidence; presumptions.” It provides: ‘“(a) In a contested proceeding, if the court grants a writ of habeas corpus concerning a person who is unlawfully imprisoned or restrained, or when, pursuant to Section 1473.6, the court vacates a judgment on the basis of new evidence concerning a person who is no longer unlawfully imprisoned or restrained, and if the court finds that new evidence on the petition points unerringly to innocence, that finding shall be binding on the California Victim Compensation Board for a claim presented to the board, and upon application by the person, the board shall, without a hearing, recommend to the Legislature that an appropriation be made and the claim paid pursuant to Section 4904.” (§ 1485.55, subd. (a).) New evidence is ‘“evidence that was not available or known at the time of trial that completely undermines the prosecution case and points unerringly to innocence.” (§ 1485.55, subd. (g).)
Under subdivision (1), the Board must recommend payment of a compensation award without a hearing if a federal court grants a habeas corpus *1116 petition after finding a defendant “innocent by no less than a preponderance of the evidence.” (§ 1485.55, subd. (1).)
However, in cases where a writ of habeas corpus or a motion to vacate a judgment was granted on grounds other than new evidence that points unerringly to innocence, the defendant may move the Board for a finding of innocence by a preponderance of the evidence. (§ 1485.55, subds. (b), (c).)
The procedures for claim filing and hearing are found in sections 4900 through 4904. Relevant here is an amendment to sechon 4903 that was enacted as a companion measure to sections 1485.5 and 1485.55 and that was designed to take into account the new provisions concerning the binding effect of certain court rulings.
Subdivision (a) of section 4903 states that the parties may introduce evidence to support their positions at a claim hearing, with the claimant required to prove his or her innocence. Subdivision (b) was added to that section. (Stats. 2013, ch. 800, § 7.) It provides: “(b) In a hearing before the board, the factual findings and credibility determinations establishing the court’s basis for granting a writ of habeas corpus, a motion for new trial pursuant to Section 1473.6, or an application for a certificate of factual innocence as described in Section 1485.5 shall be binding on the Attorney General, the factfinder, and the board.” (§ 4903, subd. (b).)
2. The Habeas Corpus Factual Findings Were Binding on the Board
The trial court found that the habeas corpus petition findings were not binding under section 1485.5 or sections 1485.55 and 4903 because the former applied to only uncontested habeas corpus proceedings while the latter were inapplicable because the findings were made solely in the context of determining whether Madrigal had been prejudiced by his lawyer’s ineffective representation.
Madrigal contends the Board (and by extension the trial court) erred by not treating as binding under either section 1485.5 subdivision (c) or section 4903, subdivision (b) the findings made by the federal district court in granting him both habeas corpus relief and bail.
Respondent contends, as the trial court found, that the obligation to treat habeas corpus petition findings as binding applies only when the habeas corpus petition was uncontested under section 1485.5. Respondent acknowledges that section 4903, subdivision (b) makes binding certain factual findings from contested habeas corpus proceedings, rendering Madrigal’s section 1485.5 contention moot. However, respondent contends that the type *1117 of findings made by the district court in granting Madrigal’s habeas corpus petition are not binding under section 4903 because they did not form the factual basis of that court’s order, which determined only that Madrigal had been prejudiced by his trial lawyer’s ineffective representation.[7]
We agree with respondent that the sechon headings define the parameters of sections 1485.5 and 1485.55, and that they therefore apply, respectively, to uncontested (§ 1485.5) and contested (§ 1485.55) proceedings. (See Kurtin v. Elieff (2013) 215 Cal.App.4th 455, 484 [155 Cal.Rptr.3d 573] [section headings may be considered when interpreting a statute, and are entitled to considerable weight].) Moreover, subdivisions (a) and (c) of section 1485.5 must be read as complementing each other in cases where a habeas corpus petition or other specified motion was uncontested. Under subdivision (a), the stipulated or contested factual findings are binding. Subdivision (c) simply clarifies which findings are binding: the express factual findings made by the court, including credibility determinations. We conclude that section 4903, subdivision (b) applies to the findings from contested habeas corpus (and other postconviction relief) proceedings that did not result in findings of actual innocence. We disagree with respondent that the district court’s findings in this case have no binding effect, but recognize the apparent conflict between section 1485.55, subdivision (a), which, in contested proceedings, calls for the binding effect of findings concerning actual innocence, and section 4903, subdivision (b), which seems to call for the binding effect of findings made in all habeas corpus proceedings.
As part of our analysis of these statutes, we turn to the legislative history to resolve this interpretive inconsistency. The Legislative Counsel’s Digest is the official summary of the legal effect of a bill and is relied upon by the Legislature throughout the legislative process. (Joannou, supra, 219 Cal.App.4th at p. 759.) Although it is not binding, the digest is entitled to great weight. {Ibid.)
The digest for the statutes we are called on to interpret states that the bill makes binding, without the need for a hearing, findings that point unerringly to innocence. (Legis. Counsel’s Dig., Sen. Bill No. 618 (2013-2014 Reg. Sess.) as introduced Feb. 22, 2013.) The digest next states that when a writ of habeas corpus is granted for a prisoner who is unlawfully detained, the Board, “in making its determination as to any claim submitted by that person, would be required to incorporate and be consistent with the factual findings, including credibility determinations, of the court granting the writ or reversing the conviction, and . . . those factual findings, including credibility determinations, [are] binding upon the [B]oard.” {Ibid.)
*1118 Notably, the digest does not limit the latter statement to uncontested habeas corpus proceedings. Instead, it draws a distinction between two types of findings: Those stating that the evidence points unerringly to innocence are binding and require no Board hearing, while other types of findings from earlier habeas corpus or other proceedings are binding when there is a compensation hearing in order to provide consistency between both sets of proceedings. The digest does not indicate that this latter group of findings is dispositive of the availability of a compensation award.
Another bill analysis notes that the California District Attorneys Association (CDAA) was opposed to the bill because “a person could have a conviction reversed for legal error—not insufficiency of the evidence—and face retrial of the charges that were reversed. The person could still file a claim for compensation and rely on factual findings in his or her favor from the habeas proceeding, despite the pending or completed retrial. CDAA objects to the possibility that a person could obtain a grant of compensation and still be convicted in the second trial.” (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 618 (2013-2014 Reg. Sess.) as amended April 15, 2013, p. 11.) The analysis stated in reply that ‘“[wjhile this scenario is theoretically possible, it appears to be extremely unlikely. All material factual findings from the habeas proceeding would be binding on the board, not just those favorable to the claimant. Further, the Attorney General would have full access to the prosecution’s evidence countering any claim of innocence and would present that evidence to the board.” {Ibid., italics omitted.)
The situation described in that scenario is much like ours. Madrigal’s conviction was reversed for legal error not directly related to the sufficiency of the evidence, and he temporarily faced the prospect of a retrial. As the legislative history shows, although such a scenario was deemed rare, it was accounted for by the Legislature and rejected as a concern because both negative and favorable findings would be binding and because respondent would have access to all of the prosecution’s trial evidence.
In short, the legislative history shows that the Legislature wanted to streamline the compensation process and ensure consistency between the Board’s compensation determinations and earlier court proceedings related to the validity of a prisoner’s conviction. To accomplish this, the Legislature provided for three scenarios: (1) at uncontested habeas corpus and other such proceedings, the factual findings underlying the court’s findings are binding (§ 1485.5, subd. (a)); (2) the findings from contested proceedings are binding and compensation is awarded without a hearing if the findings are based on new evidence that points unerringly to innocence (§ 1485.55, subd. (a)); and (3) in all other scenarios that result in a hearing before the Board, previous trial court findings and credibility determinations that do not point unerringly *1119 to actual innocence are binding, with the Board bound by those findings when evaluating the evidence as part of its determination whether to award compensation (§ 4903, subd. (b)).
As we have already observed, respondent contends that the type of findings made by the district court when granting Madrigal’s habeas corpus petition are not binding under sechon 4903 because the court did not find that Madrigal’s alibi evidence was true or that Madrigal was actually innocent. Instead, the trial court was merely characterizing the relative strength of the defense and prosecution evidence when evaluating whether Madrigal had been prejudiced by his trial lawyer’s ineffective representation. We disagree that the sechon 4903 findings are so limited. Nothing in sechon 4903 or its legislative history shows that subdivision (b) does not apply to findings of the type made by the district court here. Instead, as the legislative history indicates, the Legislature was motivated in part by the desire to ensure consistency between the Board’s determinations and the factual findings made in post-conviction relief proceedings, including those not based on actual innocence.
Moreover, section 4903 expressly applies to both factual findings and credibility determinations, and the district court found witness Howard’s testimony was credible. That finding is binding on the Board. Whether other findings are binding on the Board and the precise effect of those findings in light of other evidence is a matter best left for the Board as it applies the standard we have set out today.
Madrigal contends that the district court’s findings were tantamount to finding him actually innocent, mandating an award of compensation by the Board. We disagree. On this point, we side with respondent that the nature of those findings fell short of that standard. Madrigal’s writ of habeas corpus was granted on the ground of ineffective assistance of counsel. Although the district court made findings concerning the weakness of the prosecution’s case and the strength of Madrigal’s alibi evidence, it did so in the context of determining whether Madrigal had been prejudiced by his trial lawyer’s omissions.
This ruling required a finding that a different result was reasonably probable absent counsel’s errors. (In re Welch (2015) 61 Cal.4th 489, 517 [189 Cal.Rptr.3d 179, 351 P.3d 306].) Therefore, what the district court found when granting Madrigal’s habeas corpus petition was that a different result was reasonably probable if there had been effective assistance of counsel. The court did not find that new evidence pointed unerringly to his innocence. Nevertheless, the Board was not free to ignore the district court’s findings even if they did not establish actual innocence.
*1120 We cannot say that had the Board given binding effect to the district court’s findings concerning the prosecution and defense evidence it would have reached the same result, especially in light of the Board’s split decision. We therefore leave it to the Board to make that determination for itself.
We also reject Madrigal’s assertion that the findings made when he was granted bail are also binding. Under section 4903, subdivision (b), the only findings that qualify for binding effect are those made when a defendant obtains postconviction relief by way of a petition for habeas corpus, a motion to vacate the judgment under section 1473.6, or a certificate of factual of innocence.
DISPOSITION
The judgment is reversed and the matter is remanded to the superior court to enter a new judgment for Madrigal that (1) reverses the Board’s order denying his compensation claim, and (2) directs the Board to hold a new compensation hearing that gives binding effect to the district court’s habeas corpus findings in a manner consistent with this decision. Appellant shall recover his appellate costs.
Flier, J., concurred.

 This portion of our statement of facts is derived from the decision affirming Madrigal’s conviction. (People v. Madrigal (Oct. 17, 2005, B170431) [nonpub. opn.].)

 We will discuss the relevant statutes in detail, post.

 We discuss the trial court’s findings in more detail in part 2 of our Discussion.

 All further section references are to the Penal Code.

 Section 1473.6 allows someone who is no longer incarcerated, and therefore not entitled to habeas corpus relief, to bring a motion to vacate the criminal judgment that led to his earlier imprisonment on the ground of newly discovered evidence of government fraud that points unerringly to innocence, or of government perjury or fabrication of evidence that was substantially probative on the issue of guilt.

 Subdivision (b) of section 1485.5 provides that the district attorney shall notify the Attorney General before stipulating to facts that will be the basis of granting a writ of habeas corpus or a motion to vacate a judgment. Subdivision (d) of section 1485.5 provides that “ ‘express factual findings’ ” are “findings established as the basis for the court’s ruling or order.”
Soon after its passage, section 1485.5 was amended by adding subdivision (e), which states: “For purposes of this section, ‘court’ is defined as a state or federal court.” (Stats. 2014, ch. 28, eff. June 20, 2014.) The legislative history of this amendment states that it clarified “those provisions” governing the binding effect of factual findings in wrongful imprisonment compensation claims. (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 854 (2013-2014 Reg. Sess.) as amended June 12, 2014, p. 4, par. 20.)
Because this amendment was intended to clarify the law as it originally existed, its application to this case does not violate the general prohibition against the retroactive application of new legislation. (Western Security Bank v. Superior Court (1997) 15 Cal.4th 232, 243 [62 Cal.Rptr.2d 243, 933 P.2d 507].) As a result, when sections 1485.5 and 1485.55 were first enacted, they included applicable federal court habeas corpus rulings, and our analysis will treat these provisions accordingly.

 We understand respondent’s “factual basis” argument as a different way of saying the district court’s findings were not binding because they did not unerringly point to innocence.