Filed 10/26/17

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| M.F.,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>PACIFIC PEARL HOTEL MANAGEMENT LLC,<br><br>      Defendant and Respondent. | D070150<br><br><br><br>(Super. Ct. No. 37-2014-00039787-CU-PO-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Joel M. Pressman, Judge.  Reversed and remanded for further proceedings.


Casey, Gerry, Schenk, Francavilla, Blatt & Penfield, Jeremy K. Robinson; The Pride Law Firm and Jessica K. Pride, for Plaintiff and Appellant.

Williams Iagmin and Jon R. Williams, for Defendant and Respondent.

# I

## INTRODUCTION

In this appeal, we address whether, for purposes of overcoming the workers' compensation exclusivity doctrine (Lab. Code, §§ 3600, subd. (a), 3602, subd. (a)), a housekeeping employee stated claims against her hotel employer for violating provisions in the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.)[1] requiring the employer to protect the employee from nonemployee sexual harassment. The employee alleged facts showing: (1) she was raped while working on the employer's premises by a drunk nonemployee trespasser; (2) the employer knew or should have known the trespasser was on the employer's premises for about an hour before the rape occurred; and (3) the employer knew or should have known that, while on the employer's premises, the trespasser had aggressively propositioned at least one other housekeeping employee for sexual favors.

We conclude these facts are sufficient to state claims under the FEHA for sexual harassment by a nonemployee (§ 12940, subd. (j)(1)) and for failure to prevent such harassment (§ 12940, subd. (k)).[2] Because the superior court determined otherwise and dismissed the employee's operative third amended complaint (complaint) after sustaining the employer's demurrer to it without leave to amend, we reverse the judgment and remand the matter to the court for further proceedings consistent with this decision.

---

[1] Further statutory references are to the Government Code unless otherwise specified.

[2] We express no view on whether these claims will ultimately prove meritorious.

II

BACKGROUND

According to the allegations in the complaint, which we must accept as true for purposes of this appeal (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924), M.F. worked for Pacific Pearl Hotel Management, LLC (Pacific) as a housekeeper at its five-building hotel property. One morning, the hotel's engineering manager saw a drunk man, who was not a guest of the hotel, walking around the hotel property with a beer in his hand (the trespasser). The engineering manager first saw the trespasser walking around the balcony on the third floor of one of the hotel buildings. The engineering manager then saw the trespasser on the second floor of the building and once more in the elevator as it was going down to the first floor of the building. The engineering manager did not ask the trespasser to leave. The engineering manager also did not report the trespasser's presence to housekeeping management or to the police department.

The trespasser approached housekeepers cleaning hotel rooms three times while he walked around the hotel property. On the first occasion, the trespasser asked the housekeeper to use the restroom. He falsely told the housekeeper the room she was cleaning was his cousin's room, but he could not produce a room key. The trespasser then made sexually harassing comments, showed the housekeeper a handful of $5 bills, and offered the housekeeper money in exchange for sexual favors. A maintenance worker overheard the trespasser's sexually harassing comments and helped the housekeeper persuade the trespasser to leave the room.

3

On the second occasion, the trespasser tried to enter a hotel room on the third floor of another building. He offered the housekeeper who was cleaning the room money for sexual favors. The housekeeper closed the door on the trespasser and reported the incident to housekeeping management.

Using a walkie-talkie system, a housekeeping manager broadcasted the trespasser's activities and location to other housekeeping managers. The housekeeping manager then went to one of the buildings to check on the safety of the housekeepers. However, the housekeeping manager did not go to the building where the second incident occurred because M.F.'s supervisor was assigned to that building. M.F.'s supervisor checked the first floor of the building, but did not check the second floor, where M.F. was working.

On the third occasion, the trespasser went to the hotel room M.F. was cleaning. Her cleaning cart was parked in front of the room door. As she went to put cleaning supplies back into the cart, the trespasser confronted her and blocked her exit. He pushed the cart to the side, pushed the room door open, forced M.F. back into the room, and asked her to close the blinds. She refused to close the blinds and tried to get past him. He grew agitated and punched her in the face, knocking her out.

When M.F. regained consciousness, the blinds were closed and the trespasser was raping her on the hotel room bed. He sexually harassed, assaulted, battered, and sodomized her for over two hours. During that time, her cleaning cart remained outside the hotel room, the blinds remained closed, and no one from the hotel came looking for her.

4

Approximately two hours after the trespasser started assaulting M.F., a housekeeping employee knocked on the hotel room door to deliver a crib. The trespasser answered the door and told the employee to leave the crib outside the room. The employee left the crib and did not inquire as to M.F.'s whereabouts. A short time later, the trespasser left the room.

M.F. used the hotel room phone to call housekeeping for help, but no one answered. She then called the police department, who responded and rescued her. She went to a hospital, where she remained for weeks. She still has not recovered from her injuries.

M.F. sued Pacific for hostile work environment sexual harassment and for failure to prevent sexual harassment.[3] The gravamen of the complaint as to Pacific was that Pacific violated the FEHA by allowing the trespasser to sexually harass M.F. and by failing to take reasonable steps to prevent the sexual harassment from occurring.

Pacific demurred to the complaint on the ground the complaint failed to state a cause of action. Pacific argued M.F. had not pleaded sufficient facts to show Pacific knew or should have known about any conduct by the trespasser requiring action by Pacific or putting Pacific on notice a sexual assault might occur. Consequently, Pacific argued the complaint did not state viable claims under the FEHA and M.F.'s claims against Pacific were barred by the workers' compensation exclusivity doctrine.

---

3       M.F. sued other parties for other causes of action not at issue in this appeal.

5

The superior court agreed with Pacific's position. The court sustained Pacific's demurrer without leave to amend and dismissed M.F.'s complaint with prejudice.[4]

## III

## DISCUSSION

### A

"The standards for reviewing a judgment of dismissal following the sustaining of a demurrer without leave to amend are well settled. ' " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the [complaint] a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the [complaint] states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." ' " (*Finch Aerospace Corp. v. City of San Diego* (2017) 8 Cal.App.5th 1248, 1251–1252.)

---

4      Pacific previously demurred to M.F.'s first amended complaint and second amended complaint on similar grounds. The court sustained these demurrers with leave to amend.

B

Generally, the right to recover workers' compensation benefits is the exclusive remedy for an employee against an employer for a workplace injury. (Lab. Code, §§ 3600, subd. (a), 3602, subd. (a); *Arriaga v. County of Alameda* (1995) 9 Cal.4th 1055, 1058-1059.) This includes an injury caused by "an employer's negligent or reckless failure to provide adequate premises security despite knowledge of danger to its employees." (*Arendell v. Auto Parts Club, Inc.* (1994) 29 Cal.App.4th 1261, 1263.)

"The underlying premise behind this statutorily created system of workers' compensation is the ' "compensation bargain." ' [Citation.] Pursuant to this presumed bargain, 'the employer assumes liability for industrial personal injury or death without regard to fault in exchange for limitations on the amount of that liability. The employee is afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in exchange, gives up the wider range of damages potentially available in tort.' " (*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800, 811.) "[W]hen a complaint affirmatively alleges facts indicating that [the Workers' Compensation Act (Lab. Code, § 3200 et seq.)] applies, no civil action will lie, and the complaint is subject to a general demurrer unless it states additional facts that negate application of the exclusive remedy rule." (*Arriaga v. County of Alameda*, *supra*, 9 Cal.4th at p. 1060.)

Pacific does not dispute the workers' compensation exclusivity doctrine is inapplicable to claims under the FEHA. (See *B & E Convalescent Center v. State Compensation Ins. Fund* (1992) 8 Cal.App.4th 78, 89–92; *Meninga v. Raley's, Inc.*

7

(1989) 216 Cal.App.3d 79, 91; *Jones v. Los Angeles Community College Dist.* (1988) 198

Cal.App.3d 794, 808–809; see also *Light v. Department of Parks & Recreation* (2017) 14

Cal.App.5th 75, 97–98 [citing a number of California authorities concluding "claims for

intentional infliction of emotional distress in the employment context may be asserted

where the actionable conduct also forms the basis for a FEHA violation"].)

Consequently, if the complaint states viable claims against Pacific under the FEHA, the

workers' compensative exclusivity doctrine presents no bar to M.F.'s claims, and the

complaint is not subject to a general demurrer on this ground.

C

1

The FEHA provides:  "An employer may … be responsible for the acts of

nonemployees, with respect to sexual harassment of employees ..., where the employer,

or its agents or supervisors, knows or should have known of the conduct and fails to take

immediate and appropriate corrective action.  In reviewing cases involving the acts of

nonemployees, the extent of the employer's control and any other legal responsibility that

the employer may have with respect to the conduct of those nonemployees shall be

considered."  (§ 12940, subd. (j)(1).)[5]  The FEHA also makes it unlawful "[f]or an

employer ... to fail to take all reasonable steps necessary to prevent ... harassment from

occurring."  (§ 12940, subd. (k).)  A plaintiff cannot state a claim for failure to prevent

---

5     Effective January 1, 2018, this provision of the FEHA will be amended to
substitute the word "if" for the word "where" in the first quoted sentence.  (Stats. 2017,
ch. 799, § 6.)  The amendment does not affect our decision.

harassment unless the plaintiff first states a claim for harassment. (See *Featherstone v. Southern California Permanente Medical Group* (2017) 10 Cal.App.5th 1150, 1166; *Trujillo v. North County Transit Dist.* (1998) 63 Cal.App.4th 280, 288–289.)

2

Pacific contends the complaint fails to state viable claims under these provisions of the FEHA because M.F. has not and cannot allege facts showing Pacific knew the trespasser posed a risk to housekeeping employees before he appeared on the hotel property and began harassing them. However, the fact Pacific may not have had any responsibility to housekeeping employees under the FEHA before the trespasser appeared on the hotel property does not preclude Pacific from having such responsibilities after the trespasser appeared, particularly after the trespasser began confronting and aggressively propositioning housekeeping employees for sexual favors. "Once an employer is informed of the sexual harassment, the employer must take adequate remedial measures. The measures need to include immediate corrective action that is reasonably calculated to (1) end the current harassment and (2) to deter future harassment. [Citation.] The employer's obligation to take prompt corrective action requires (1) that temporary steps be taken to deal with the situation while the employer determines whether the complaint is justified and (2) that permanent remedial steps be implemented by the employer to prevent future harassment." (*Bradley v. Department of Corrections & Rehabilitation* (2008) 158 Cal.App.4th 1612, 1630.)

Likewise, the fact the trespasser's initial harassment was not directed at M.F. does not preclude Pacific from having responsibilities under the FEHA toward her. If an

9

employer knows a particular person's abusive conduct places employees at unreasonable risk of sexual harassment, the employer cannot escape responsibility to protect a likely future employee victim merely because the person has not previously abused that particular employee. (See *Ferris v. Delta Air Lines, Inc.* (2001) 277 F.3d 128, 136.)[6] "The more egregious the abuse and the more serious the threat of which the employer has notice, the more the employer will be required under a standard of reasonable care to take steps for the protection of likely future victims." (*Id.* at p. 137.)

3

Pacific also contends the complaint fails to state viable claims because section 12940, subdivision (j)(1), is inapplicable to the factual circumstances of this case. However, the language of section 12940, subdivision (j)(1), does not limit its application to a particular fact pattern. Rather, the language of the statute provides for liability whenever an employer (1) knows or should know of sexual harassment by a nonemployee and (2) fails to take immediate and appropriate remedial action (3) within its control.

The statute's legislative history also does not support this contention. As Pacific correctly points out, the statute's legislative history indicates the Legislature enacted the statute to reject the analysis in *Salazar v. Diversified Paratransit, Inc.* (2003) 103 Cal.App.4th 131 (*Salazar*) and to clarify the FEHA protects employees from

---

6    "Because [the] FEHA is modeled after federal antidiscrimination laws, decisions interpreting federal statutes are relevant when interpreting similar provisions of [the] FEHA." (*Finegan v. County of Los Angeles* (2001) 91 Cal.App.4th 1, 7.)

nonemployee sexual harassment. (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 921.) But, nothing in the legislative history indicates the Legislature intended to limit the statute's application to the specific factual circumstances presented in the *Salazar* case. The Legislative Counsel's Digest, which is entitled to great weight because it is the official summary of the bill's legal effect relied upon by the Legislature during the legislative process (*Madrigal v. California Victim Comp. & Government Claims Bd.* (2016) 6 Cal.App.5th 1108, 1117), contains no hint of such a limitation. Rather, the Legislative Counsel's Digest states, "This bill would revise [existing law] to include sexual harassment by nonemployees if the employer knows or should have known of the incident and fails to take corrective action. [¶] The bill would state the Legislature's intent to construe and clarify existing law and reject the interpretation given to existing law by [the *Salazar* case]." (Legis. Counsel's Dig., Assem. Bill No. 76, (2003–2004 Reg. Sess.) 4 Stats. 2003, Summary Dig., p. 329.)

The committee reports and analyses relied upon by Pacific also do not indicate an intent to limit the statute's application to the factual circumstances presented in the *Salazar* case. Rather, the reports and analyses indicate an intent to limit the statute's application to sexual harassment, and to not apply it to harassment on other prohibited bases. (Assem. Conc. in Sen. Amend. to Assem. Bill No. 76 (2003–2004 Reg. Sess.) as amended Aug. 28, 2003, p. 1 ["The Senate amendments are technical and clarifying and ... expressly limit the bill to the sexual harassment issue presented by the *Salazar* case"]; *id.* at p. 3 ["This bill speaks solely to the sexual harassment issue presented by the *Salazar* case and no longer addresses the question of harassment on other prohibited

11

bases"]; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 76 (2003–2004 Reg. Sess.) as amended Aug. 28, 2003, p. 2 ["The [Senate] amendment limits the application of this bill to instances of sexual harassment, rather than to all harassment"].)

4

Finally, Pacific contends that even if it had some responsibility to M.F. under the FEHA, it fulfilled its responsibilities by providing a reasonable and adequate response. However, whether an employer sufficiently complied with its mandate to " 'take immediate and appropriate corrective action' " (§ 12940, subd. (j)(1)) is a question of fact. (*Bradley v. Cal. Dept. of Corrections and Rehabilitation*, *supra*, 158 Cal.App.4th at p. 1630.) Questions of fact generally require the consideration and weighing of evidence, which makes them unsuitable for resolution on demurrer. (See *Klein v. Chevron U.S.A., Inc.* (2012) 202 Cal.App.4th 1342, 1376.) This case presents no exception to the general rule.

IV

DISPOSITION

The judgment is reversed and the matter is remanded to the superior court for further proceedings consistent with this decision. M.F. is awarded her appeal costs.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

O'ROURKE, J.