Filed 12/28/22  Souliotes v. Cal. Victim Compensation Bd. CA2/4
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| GEORGE SOULIOTES, Plaintiff and Appellant, v. CALIFORNIA VICTIM COMPENSATION BOARD, Defendant and Respondent. | B295163 (Los Angeles County Super. Ct. No. BS170608) OPINION FOLLOWING TRANSFER FROM SUPREME COURT |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mary H. Strobel, Judge.  Reversed.

McLane, Bednarski & Litt, Marilyn E. Bednarski, David S. McLane and Caitlin S. Weisberg for Plaintiff and Appellant.

Rob Bonta, Attorney General, Thomas S. Patterson, Assistant Attorney General, Mark R. Beckington, Supervising Deputy Attorney General, and Todd Grabarsky, Deputy Attorney General, for Defendant and Respondent.

## INTRODUCTION

After a grant of review, this matter was transferred back to us by the California Supreme Court with directions to vacate our prior published decision (*Souliotes v. California Victim Comp. Bd.,* formerly published at (2021) 61 Cal.App.5th 73 (*Souliotes I*)) and to reconsider our decision in light of Senate Bill No. 446 (Stats. 2021, ch. 490, § 1 (SB 446)) and Senate Bill No. 632 (Stats. 2022, ch. 133, § 1(a) (SB 632)). We now vacate our opinion. Upon reconsidering the cause with the aid of supplemental briefing from the parties, we conclude that the trial court erred in denying Souliotes automatic compensation under Penal Code section 1485.55, subdivision (a) (hereafter 1485.55(a)).[1]

## BACKGROUND

After he was convicted of arson-murder and sentenced to life without the possibility of parole, Souliotes filed an untimely federal habeas corpus petition in federal district court based on new evidence. In order to pass through a procedural "gateway" so that his untimely habeas corpus petition could be heard on the merits, Souliotes was required to demonstrate that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." (*Schlup v. Delo* (1995) 513 U.S. 298, 329 (*Schlup*).) The district court found that Souliotes met the procedural standard (hereafter, "*Schlup* finding"). Therefore, the court turned to the merits of his habeas claims and found that there was a reasonable probability that absent the ineffective assistance of counsel, the

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

2

outcome of Souliotes's trial would have been different. The court then granted the habeas corpus petition and ordered that Souliotes be released unless the state notified the court that it intended to retry him.

The district attorney's office notified the federal court that it intended to retry Souliotes. However, a short time later, the parties reached a plea agreement. Under that agreement, Souliotes entered a *West/Alford*[2] plea of no contest to three counts of involuntary manslaughter, received a total sentence of six years, with credit for time served (over 16 years), and was immediately released from custody.

Souliotes subsequently filed a claim under section 4900, which permits a person erroneously convicted of a felony to claim monetary compensation before the California Victim Compensation Board (Board). The Board denied the claim due to insufficient evidence to satisfy Souliotes's burden of proving factual innocence by a preponderance of the evidence.

Souliotes then filed a petition for writ of administrative mandamus (Code Civ. Proc., § 1094.5) and writ of mandate (Code Civ. Proc., § 1085) in the superior court challenging the Board's decision. As relevant here, the court held that the federal court's *Schlup* finding did not constitute a "factually innocent" finding under section 1485.55(a), and therefore the Board did not have a ministerial duty to grant his request for automatic compensation without a Board hearing (Code Civ. Proc., § 1085). The court also found that the Board was bound by the factual findings and credibility

---

[2] *People v. West* (1970) 3 Cal.3d 595; *North Carolina v. Alford* (1970) 400 U.S. 25. In this type of plea, a defendant "[does] not admit the facts underlying the charged offense, but plead[s] guilty to take advantage of a favorable recommendation from the prosecution because he [or she] recognize[s] he [or she] might be convicted if the case were [re]tried." (*People v. Sample* (2011) 200 Cal.App.4th 1253, 1263–1264.)

determinations relied upon by the federal court to grant the writ of habeas corpus, but not those relied upon by the federal court solely for the *Schlup* finding.  However, the court found that the Board failed to support its decision with sufficient findings supported by the evidence.  Accordingly, the court partially granted the petition and remanded the matter back to the Board for reconsideration of the claim.

Souliotes appealed.  On February 19, 2021, in *Souliotes I,* this court affirmed the judgment and held that the *Schlup* finding fell short of the statutorily mandated "factually innocent" finding required by section 1485.55(a).  Therefore, the federal court's *Schlup* finding did not require the Board to recommend, without a hearing, that a section 4900 claim be paid.  We further held the Board was bound by the factual findings and credibility determinations relied upon by the federal court to grant Souliotes's habeas corpus petition, but not those relied upon by the court solely for the *Schlup* finding.  On April 1, 2021, Souliotes petitioned the California Supreme Court for review, which was granted on June 9, 2021.

While the petition for review was pending, our colleagues in Division Five in *Larsen v. California Victim Comp. Bd.* (2021) 64 Cal.App.5th 112 (*Larsen*) held that a federal court's *Schlup* finding was sufficient to satisfy the "factually innocent" criterion in section 1485.55(a).  (*Id.* pp. 130–131, 133.)  On July 16, 2021, the Board petitioned the California Supreme Court for review.  On August 25, 2021, the Supreme Court granted the petition, but deferred further action pending consideration and disposition of *Souliotes I.*

On September 23, 2021, the Board reconsidered its initial denial of Souliotes's claim and adopted an amended decision recommending that his claim for $841,820 in compensation be granted in full.  The Board found that

4

Souliotes had shown by a preponderance that he is not only innocent of the crimes of arson and murder, but also the crime of involuntary manslaughter.

On October 4, 2021, the governor signed into law SB 446 (Eff. Jan. 1, 2022), which amended, as relevant here, section 1485.5, subdivisions (c) and (d), and section 1485.55(a). Former section 1485.5 subdivision (c) provided in pertinent part: "In a contested or uncontested proceeding, the express factual findings made by the court, including credibility determinations, *in considering* a petition for habeas corpus . . . shall be binding on the Attorney General, the factfinder, and the California Victim Compensation Board." (Italics added.) In SB 446, the Legislature replaced the phrase, "in considering," with the phrase "during proceedings on." In addition, former section 1485.5, subdivision (d) defined "express factual findings" as "findings established as the basis for the court's ruling or order." This provision was also amended to refer to all of "the court's ruling*s* or order*s*." (Italics added.)

Former section 1485.55(a) provided in pertinent part: "[I]f the court has granted a writ of habeas corpus . . . and . . . has found that the person is factually innocent, that finding shall be binding on the California Victim Compensation Board for a claim presented to the board, and upon application by the person, the board shall, without a hearing, recommend to the Legislature that an appropriation be made and the claim paid." In SB 446, the Legislature inserted additional language regarding a finding of factual innocence, stating that it may be found "under any standard for factual innocence applicable in those proceedings."[3]

---

[3] The amended language to sections 1485.5 and 1485.55 does not appear in the version of the legislation that was first introduced on February 16, 2021. (Sen. Bill No. 446 (2021-2022 Reg. Sess.) as introduced Feb. 16, 2021.) Rather, the amended language appears for the first time in the Senate amendments to SB 446 on March 16, 2021, about a month after *Souliotes I*

5

On July 19, 2022, the governor signed SB 632 , which appropriated funds to the Board to pay approved claims under section 4900 for specified individuals, including $841,820 for Souliotes. This appropriations bill went into effect immediately.

On September 21, 2022, the Supreme Court transferred *Souliotes I* back to this court with directions to vacate our decision and reconsider the cause in light of SB 446 and SB 632. Upon transfer, *Souliotes I* was "not citeable." (See Cal. Rules of Court, rule 8.1115(e)(3), corresponding comment, par. 3.) That same day, the Supreme Court dismissed the grant of review in *Larsen*, leaving that decision published and in full force (Cal. Rules of Court, rules 8.528(b)(3), 8.1105(e)(2)). Remittitur issued on October 5, 2022.

## DISCUSSION

A. *Senate Bill No. 446*

California law provides that if a person has been imprisoned or incarcerated for a crime, and that crime "was either not committed at all or, if committed, was not committed by the person," he or she may present a claim for compensation against the state to the Board for injury he or she sustained by reason of the erroneous "imprisonment or incarceration." (§ 4900.) As relevant here, section 1485.55(a) describes a circumstance under which a court finding in postconviction litigation is binding on the Board and requires an automatic recommendation for compensation to the Legislature.

Prior to the passage of SB 446, former section 1485.55(a) provided that the Board "shall, without a hearing, recommend to the Legislature that an

was filed. (Sen. Amend. to Sen. Bill No. 446 (2021-2022 Reg. Sess.) March. 16, 2021.)

6

appropriation be made and the claim paid" when "the court has granted a writ of habeas corpus . . . and . . . has found that the person is factually innocent."

Under federal law, a petitioner for writ of habeas corpus seeking to overcome a procedural bar (such as the statute of limitations) to federal habeas review of the merits of his or her constitutional claims must pass through an "actual innocence" gateway first applied in *Schlup, supra,* 513 U.S. 298. To pass through that gateway, as previously stated, the petitioner must persuade the district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." (*Id.* at p. 329.) If the petitioner is successful, only then may the district court consider the merits of the constitutional claims raised in the habeas corpus petition. (*Herrera v. Collins* (1993) 506 U.S. 390, 404–405; *McQuiggin v. Perkins* (2013) 569 U.S. 383, 386.)

In *Souliotes I*, we held that a federal court's *Schlup* finding was insufficient for a person to be found "factually innocent" under former section 1485.55(a) and therefore Souliotes was not entitled to automatic compensation without a hearing. However, our colleagues in Division Five in *Larsen* subsequently reached the opposite conclusion in that a *Schlup* finding was sufficient for a "factually innocent" finding under former section 1485.55(a). (*Larsen, supra,* 64 Cal.App.5th at pp. 130–131.) Having dismissed its prior grant of review in *Larsen,* the Supreme Court left the decision published and in full force.

*Larsen* considered: "(1) what does *Schlup* . . . require a federal court to find to avoid an otherwise applicable procedural bar to a habeas corpus petition and (2) does that finding satisfy what the Legislature meant by 'factually innocent' in [now former] section 1485.55(a)?" (*Larsen*, *supra*, 64

7

Cal.App.5th at p. 125.) On the first question, *Larsen* concluded that a *Schlup* finding is, in both name and substance, a finding by a preponderance of the evidence that the habeas petitioner did not do the crime and is therefore "factually innocent." (*Id.* at pp. 125–128, 130–131.)

On the second question, the *Larsen* panel agreed with *Souliotes I* that the 2016 amendments to former section 1485.55(a) were intended to "lower the threshold at which a court finding would obviate the need for a Board hearing" below the standard set forth in the earlier version of section 1485.55(a). (*Larsen*, *supra*, 64 Cal.App.5th at p. 132.) After discussing the legislative history at length, including concurrent amendments to section 1473, subdivision (b), *Larsen* concluded that "[t]reating habeas corpus relief after a *Schlup* finding as insufficient to satisfy the factual innocence criterion in section 1485.55(a)" would be inconsistent with the Legislature's intent and would make no practical sense. (*Larsen*, *supra*, 64 Cal.App.5th at p. 133.)

Finally, *Larsen* criticized our reasoning in *Souliotes I* for our failure: (1) to recognize that a *Schlup* finding, according to Supreme Court jurisprudence, is "a fact-based finding that must clear a high threshold" based on "new reliable evidence" that the petitioner, factually, did not commit the crime; and (2) to give effect to the Legislature's acknowledged intent by interpreting the language of section 1485.55(a) consistent with that intent. (*Larsen, supra*, 64 Cal.App.5th at pp. 131, 135.)

Upon reconsideration and with the benefit of supplemental briefing from the parties, we conclude (as did *Larsen*) that the Legislature intended that a *Schlup* finding constituted a court finding of factual innocence under former section 1485.55(a). Therefore, we agree with Souliotes that the amendments of SB 446 simply clarify the applicable circumstances in which the court has made a factually innocent finding, rather than making a

8

complete and non-retroactive change in the law as argued by the Board. (See *Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 923 ["[m]aterial changes in language . . . may simply indicate an effort to clarify the statute's true meaning"]; *Scott v. City of San Diego* (2019) 38 Cal.App.5th 228, 242; see *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243 ["[w]e assume the Legislature amends a statute for a purpose, but that purpose need not necessarily be to change the law"].) As noted, SB 446 amended section 1485.55(a) to add the language "under any standard for factual innocence applicable in those proceedings" (which includes habeas proceedings) immediately after the statutory reference to "if the court has found that the person is factually innocent." (Stats. 2021, ch. 490, § 2.) The Legislature did not replace the term "factually innocent," but merely explained away any ambiguity that might result. In fact, the Legislature added this language a month after we issued our opinion in *Souliotes I,* thus suggesting an intent to clarify the legislative purpose of its ambiguous language, not (as contended by the Board) an intent to issue a nonretroactive new rule of law.[4] Hence, SB 446 simply clarified its intent, an intent consistent with the analysis in *Larsen* with which we now agree.

---

[4]    The Board also contends the amended section 1485.55(a) requires "habeas relief without reconviction upon remand." However, SB 446 did not amend the circumstances under which a court grants habeas relief, rather it added additional language for a "factually innocent" finding. Moreover, the Board acknowledges that no such element appeared in former section 1485.55(a), which merely required that a court had granted a writ of habeas corpus and had found that the petitioner was "factually innocent." Furthermore, "a successful habeas corpus petition necessarily contemplates and virtually always permits a retrial." (*In re Cruz* (2003) 104 Cal.App.4th 1339, 1347.) Thus, the conviction is set aside but the prosecution is not ended. (*Id.* at p. 1346.) There is no authority preventing retrial when the writ of habeas corpus issued for any reason except in very unusual circumstances. (See e.g., *In re Pfeiffer* (1968) 264 Cal.App.2d 470, 476–477

9

We therefore conclude that the trial court should have granted Souliotes's mandamus petition.  The federal court's *Schlup* finding amounted to a finding of factual innocence that the Legislature intended to be binding, and to preclude holding a Board hearing, warranting automatic compensation under section 1485.55(a).[5]

B. *Senate Bill No. 632*

As previously noted, SB 632 appropriated funds for payment of approved claims under section 4900, including Souliotes's claim for $841,820.  This appropriation was in response to the Board reconsidering Souliotes's claim and recommending compensation in September 2021.  SB 632 was approved in July 2022 and took immediate effect.  The parties agree that this legislative enactment does not affect the outcome of this case on appeal.

---

[remand to juvenile court was impossible because defendant reached the age of 27 by the time the proceeding concluded, and dismissal was the only possible remedy].)  As contemplated by the Legislature, prosecutorial discretion to retry a defendant does not impact the operation of section 1485.55(a).  (See *Madrigal v. California Victim Comp. & Government Claims Bd.* (2016) 6 Cal.App.5th 1108, 1118 [Legislature acknowledged that binding habeas findings could result in payment of statutory compensation to a claimant who is subsequently reconvicted].)

[5]  Relying on the language of former section 1485.5, we previously held in *Souliotes I* that only those factual findings and credibility determinations relied upon by the federal court to grant a habeas corpus petition are binding on the Board.  The parties agree that SB 446 amends section 1485.5 to require that the Board be bound also by factual findings and credibility determinations made by the federal court in determining that a habeas petitioner could pass through the *Schlup* gateway.  However, we agree with Souliotes that our previous ruling on the meaning of former section 1485.5 in light of SB 446 is now moot as the Board has approved Souliotes's claim on the merits, and there will be no further hearing before the Board.

However, Souliotes asserts he is entitled to prejudgment interest and other relief, including attorney fees and costs.  These issues were not raised in the trial court, most likely because Souliotes did not prevail there.  Whether Souliotes is entitled to any additional relief beyond the funds appropriated under SB 632 is an issue best decided in the first instance in the trial court.  (See *Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1525.)  Accordingly, we express no opinion on the subject.  Souliotes may raise the issue in the trial court on remand.

## DISPOSITION

The judgment is reversed, and the matter is remanded for further proceedings concerning Souliotes's entitlement, if any, to prejudgment interest and other relief, including attorney fees and costs.  Souliotes shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        WILLHITE, Acting P. J.

We concur:


COLLINS, J.


CURREY, J.


11