Filed 9/28/15 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JACQUELINE C. SIMONELLI,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITY OF CARMEL-BY-THE-SEA,<br><br>Defendant and Respondent. | H040488<br>(Monterey County<br>Super. Ct. No. M123079)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on August 24, 2015, and certified for publication on September 14, 2015, be modified as follows:

On page 7, the first full paragraph, second sentence beginning with "The City does not respond to this contention," add the words "in its appellate brief" between the word "contention" and the word "and" so the sentence reads:

The City does not respond to this contention in its appellate brief and has not suggested either below or on appeal that any other pertinent limitations period precluded Simonelli from amending her petition to add Pot D'Oro as a party.

There is no change in the judgment.

The petition for rehearing is denied.

_____        _____
Date                                                       Mihara, J.


                                                           _____
                                                           Bamattre-Manoukian, Acting P. J.


                                                           _____
                                                           Márquez, J.


Simonelli v. City of Carmel-By-The-Sea
H040488

Filed 8/24/15  Certified for Publication 9/14/15 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JACQUELINE C. SIMONELLI, | H040488 |
| Plaintiff and Appellant, | (Monterey County Super. Ct. No. M123079) |
| v. | |
| CITY OF CARMEL-BY-THE-SEA, | |
| Defendant and Respondent. | |

Appellant Jacqueline C. Simonelli appeals from a judgment dismissing her petition for a writ of administrative mandamus.  Simonelli's petition challenged the approval by defendant City of Carmel-By-The-Sea (the City) of nonparty Pot D'Oro's development application.  The court sustained without leave to amend the City's demurrer on the ground that Simonelli had failed to join an indispensable party.  On appeal, Simonelli contends that the court erred in finding that Pot D'Oro was an indispensable party and in denying her leave to amend.  We conclude that the court did not err in finding Pot D'Oro to be an indispensable party.  However, we also find that the court erred in denying Simonelli leave to amend because the court erroneously found that

the 90-day limitations period set forth in Code of Civil Procedure section 1094.6[1] applied to her action. We therefore reverse the judgment.

## I. Background

Simonelli's May 6, 2013 administrative mandamus petition challenged the City's February 5, 2013 approval of an application by Pot D'Oro to develop a vacant lot. Her petition identified Pot D'Oro as the developer who had been granted the approval, but it did not name Pot D'Oro as a party. The exhibits attached to the petition disclosed that the vacant lot in question was adjacent to Simonelli's property. The petition alleged that Simonelli's due process rights had been violated at the city council's hearing on the application, that the City had abused its discretion in various respects with regard to its consideration of the application, and that the City had "committed a Taking" because the development would intrude on Simonelli's privacy and reduce the value of her property.

The City demurred on the grounds that Simonelli had failed to join an indispensable party and that her petition was "uncertain, ambiguous, and unintelligible." The City also asserted in its demurrer that Simonelli should not be granted leave to amend because the 90-day limitations period set forth in section 1094.6 had already expired. The City also moved to strike the petition on the ground that it was unverified. Simonelli filed no opposition and did not appear at the July 19, 2013 hearing on the City's demurrer and motion. The court sustained the demurrer without leave to amend on both grounds and deemed moot the motion to strike.

On August 12, 2013, the City moved for a judgment of dismissal. On August 21, 2013, Simonelli filed opposition to the City's motion for judgment. She asserted that Pot D'Oro was not an indispensable party and that the limitations period had not run so she could still add Pot D'Oro as a party. Simonelli attached a proposed

---

[1]     Subsequent statutory references are to the Code of Civil Procedure.

2

amended petition that added Pot D'Oro as a party, was verified, and was organized into sections with headings.  The City responded that it was entitled to judgment after the sustaining of its demurrer without leave to amend and that Simonelli's opposition could not be treated as a motion for reconsideration because it was untimely and was not based on new facts or new law.  Simonelli appeared at the September 13, 2013 hearing on the City's motion.  The court granted the City's request and entered judgment dismissing Simonelli's petition.  Simonelli timely filed a notice of appeal from the judgment.

## II.  Discussion

### A.  Standard of Review

"'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [Citation.]  We also consider matters which may be judicially noticed.'  [Citation.]  Further, we give the [petition] a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.] When a demurrer is sustained, we determine whether the [petition] states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

### B.  Indispensable Party

Simonelli argues that her failure to join Pot D'Oro as a party did not necessitate the dismissal of her petition because the City had "the same interest [as Pot D'Oro] in upholding the validity of the permit" due to a "litigation funding agreement" between Pot D'Oro and the City.

3

Section 389 requires that a person be joined as a party "if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." (§ 389, subd. (a).) A person meeting these requirements is often referred to as a "necessary party." (*Bowles v. Superior Court* (1955) 44 Cal.2d 574, 583; *Quantification Settlement Agreement Cases* (2011) 201 Cal.App.4th 758, 848.)

Simonelli contends that Pot D'Oro's "absence" will not "impede [its] ability to protect [its] interest" because the City's shared interest with Pot D'Oro will necessarily cause the City to protect Pot D'Oro's interests. Her contention is premised on the fact that Pot D'Oro is required as a condition of approval of its permit to fund the City's defense against her petition.[2] The permit condition provides: "The applicant agrees, at its sole expense, to defend, indemnify, and hold harmless the City . . . from any liability; and shall reimburse the City for any expense incurred, resulting from, or in connection with any project approvals. . . . The City shall promptly notify the applicant of any legal proceedings, and shall cooperate fully in the defense." This condition does not give Pot D'Oro the power to control the City's defense of Simonelli's action. Pot D'Oro must

---

[2]     Her sole citation to the record in support of this argument is to a brief comment in the City's brief in reply to Simonelli's opposition to the City's motion for judgment. The City stated: "Here, Petitioner makes no allegation that any sort of binding agreement exists that entitles Applicant [Pot D'Oro] to participate in or direct the litigation. Petitioner cannot make such an argument because the Applicant's agreement to pay the City's legal fees was a standard and required condition to the City's permitting process. The Applicant is in the unhappy position of paying the City's legal fees without any contractual ability to control the litigation." Since the litigation funding condition appears in the record in an exhibit to Simonelli's complaint, we consider this issue despite her failure to properly cite to the record.

4

fund the City's litigation costs, but the City has not ceded control of the litigation to Pot D'Oro. Consequently, this permit condition does not ensure that Pot D'Oro's interests will be protected by the City. The City could decide not to defend against Simonelli's action or to conduct the litigation in such a manner as to be adverse to Pot D'Oro's interest. We reject Simonelli's claim that, due to the permit condition, Pot D'Oro was not a necessary party.

Simonelli also argues that, even if Pot D'Oro was a necessary party, the court erred in finding that Pot D'Oro was an indispensable party. Where a necessary party cannot be joined, "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder." (§ 389, subd. (b).) "The subdivision (b) factors are not arranged in a hierarchical order, and no factor is determinative or necessarily more important than another." (*County of Imperial v. Superior Court* (2007) 152 Cal.App.4th 13, 35.) On the other hand, "[w]hile it is just one of the four factors listed in Code of Civil Procedure section 389, subdivision (b), to be considered in determining whether an unjoined person is an indispensable party, potential prejudice to that unjoined person is of critical importance." (*Tracy Press, Inc. v. Superior Court* (2008) 164 Cal.App.4th 1290, 1298.)

Simonelli claims there was no potential prejudice to Pot D'Oro because the permit condition permits Pot D'Oro to protect its interests. As we have already pointed out, the permit condition regarding the City's litigation expenses does not give Pot D'Oro the

5

opportunity to protect its interests. Because potential prejudice is the critical issue in determining whether an absent entity is an indispensable party, and Pot D'Oro's interests obviously will be prejudiced if its permit is invalidated in Simonelli's action, which is what she seeks, the trial court did not err in finding Pot D'Oro to be an indispensable party. It follows that the court did not err in sustaining the City's demurrer to Simonelli's petition. However, the validity of that ruling does not resolve the issue of whether the court erroneously denied her leave to amend, which we next address.

## C. Denial Of Leave To Amend

Simonelli maintains that the trial court erred in denying her leave to amend because she could have amended her petition to add Pot D'Oro as a party. The premise for the trial court's denial of leave to amend was its conclusion that Simonelli could not amend the petition because the 90-day limitations period had already expired. Simonelli claims that the 90-day limitations period set forth in section 1094.6 does not apply here.

Section 1094.6 provides: "(a) Judicial review of any *decision* of a local agency . . . may be had pursuant to Section 1094.5 of this code only if the petition for writ of mandate pursuant to such section is filed within the time limits specified in this section. [¶] (b) Any such petition shall be filed not later than the 90th day following the date on which the decision becomes final. . . . [¶] . . . [¶] (e) As used in this section, *decision means* a decision subject to review pursuant to Section 1094.5, suspending, demoting, or dismissing an officer or employee, *revoking*, [or] *denying an application for a permit*, license, or other entitlement, imposing a civil or administrative penalty, fine, charge, or cost, or denying an application for any retirement benefit or allowance."[3] (Italics added.)

---

[3] Section 1094.6, subdivision (e), as enacted in 1976, originally read: "As used in this section, decision means adjudicatory administrative decision made, after hearing,

6

Simonelli correctly points out that the City's decision approving Pot D'Oro's permit does not come within the definition of "decision" in section 1094.6, subdivision (e), which, as to permits, applies to only the revocation or denial of a permit. The City does not respond to this contention and has not suggested either below or on appeal that any other pertinent limitations period precluded Simonelli from amending her petition to add Pot D'Oro as a party. The applicability of section 1094.6's 90-day limitations period to Simonelli's petition was the sole basis for the court's denial of leave to amend. As that limitations period was inapplicable, the trial court erred in denying leave to amend.

### III. Disposition

The judgment is reversed. On remand, the trial court shall vacate its order sustaining the City's demurrer without leave to amend and enter a new order sustaining the demurrer with leave to amend. Simonelli shall recover her costs on appeal.

---

suspending, demoting, or dismissing an officer or employee, revoking or denying an application for a permit or a license, or denying an application for any retirement benefit or allowance." (Stats. 1976, ch. 276, § 1, p. 582.) Section 1094.6, subdivision (e) was amended in 1983 to change the first phrase to: "As used in this section, decision means a decision subject to review pursuant to Section 1094.5, suspending . . ." and to add a comma after "revoking" so that it read "revoking, or denying an application for a permit . . . ." (Stats. 1983, ch. 818, § 3, p. 2973.) The 1995 amendment brought section 1094.6, subdivision (e) to its current form. (Stats. 1995, ch. 898, § 1, p. 6878.) The 1995 amendment deleted the word "or" between the words "revoking" and "denying."

7

_____
Mihara, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P. J.



_____
Márquez, J.

8

Filed 9/14/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JACQUELINE C. SIMONELLI,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITY OF CARMEL-BY-THE-SEA,<br><br>Defendant and Respondent. | H040488<br>(Monterey County<br> Super. Ct. No. M123079)<br><br>**ORDER GRANTING REQUEST<br>FOR PUBLICATION** |

BY THE COURT:

Pursuant to California Rules of Court, rule 8.1105(b), the request for publication is hereby granted. It is ordered that the opinion in this matter, filed on August 24, 2015, shall be certified for publication.


Date:                                   _____
                                              Mihara, J.


                                              _____
                                              Bamattre-Manoukian, Acting P. J.


                                              _____
                                              Márquez, J.

1

Trial Court:                            Monterey County Superior Court


Trial Judge:                            Honorable Lydia Villarreal


Attorney for Plaintiff and Appellant:   Jacqueline C. Simonelli
                                        In propria persona


Attorneys for Defendant and Respondent: Jon R. Giffen
                                        Douglas E. Mitchell
                                        Cassie M. Bronson
                                        Ryan C. Donlon
                                        Kennedy, Archer & Giffen


Simonelli v. City of Carmel-By-The-Sea
H040488