Filed 2/24/17

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| FINCH AEROSPACE CORPORATION,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF SAN DIEGO,<br><br>    Defendant and Respondent. | D070000<br><br><br>(Super. Ct. No. 37-2015-00031990-<br>CU-OR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County,

John S. Meyer, Judge.  Affirmed.


LiMandri & Jonna, Charles S. LiMandri, Paul M. Jonna and Jeffrey M. Trissell,

for Plaintiff and Appellant.

Jan I. Goldsmith and Mara W. Elliott, City Attorneys, Daniel F. Bamberg,

Assistant City Attorney and M. Travis Phelps, Deputy City Attorney, for Defendant and

Respondent.

# I

## INTRODUCTION

This case requires us to determine whether the immunities in Government Code[1] sections 818.8 and 822.2 apply to a slander of title cause of action and, if not, whether Finch Aerospace Corporation (Finch) otherwise adequately alleged a slander of title cause of action against the City of San Diego (City). We conclude the immunities in sections 818.8 and 822.2 do not apply to a slander of title cause of action. We further conclude Finch did not otherwise adequately allege a slander of title cause of action nor did Finch demonstrate it could cure the pleading deficiencies by amendment. Therefore, we conclude the trial court did not err in sustaining the City's demurrer to Finch's complaint without leave to amend, and we affirm the judgment.

# II

## BACKGROUND

### A

According to the allegations in the complaint, in 1996 Brown Field Aviation Ventures leased space at Brown Field Airport from the City under a long-term, master lease agreement. Brown Field Aviation Ventures subleased the space to Bearden Aviation, Inc. (Bearden), and Bearden subleased it to Finch. Finch occupied the space with three airplane hangars. Lancair Corporation (Lancair) later purchased Bearden's leasehold.

---

[1] All further statutory references are to the Government Code unless otherwise stated.

In 2005 the City amended and restated the master lease. Section 6.9, subdivision (a) (Section 6.9(a)) of the lease provided: "Any and all improvements, trade fixtures, structures, and installations or additions to the premises now existing or constructed on the premises by LESSEE shall at lease expiration or termination be deemed to be part of the premises and shall become, at the CITY'S option, CITY'S property, free of all liens and claims except otherwise provided in this lease."

In 2010 in the context of an unrelated dispute between a third-party lessee and a third-party sublessee over the ownership of a hangar on the third-party lessee's leasehold, the City's airport development coordinator stated in a letter that "the improvements on the leasehold are the property of the [third-party lessee] until the expiration or termination of the lease, at which point they become the property of the City." Three years later, Finch attempted to enter a new lease directly with the City and remove its hangars from Lancair's leasehold; however, Lancair claimed to own and control the hangars. Lancair based its position on the airport development director's letter.

Finch subsequently filed a complaint against Lancair alleging causes of action for quiet title, declaratory relief, intentional interference with economic advantage, conversion, and retaliatory eviction. Lancair responded by filing an unlawful detainer complaint. The court consolidated the two actions, and following a bench trial, issued a judgment in favor of Finch on Finch's quiet title and declaratory relief causes of action, against Finch on Finch's other causes of action, and in favor of Lancair on Lancair's unlawful detainer cause of action. Of relevance here, the court found, notwithstanding Section 6.9(a), Finch's hangers were removable trade fixtures and belonged to Finch.

3

Although both parties filed a motion for attorney fees, the court denied the motions, finding neither party prevailed sufficiently to warrant an attorney fee award. Under the doctrine of tort of another, Finch filed this action for slander of title to recoup the attorney fees and other expenditures it incurred as a result of the litigation with Lancair.

B

The City demurred to the complaint on the ground it failed to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) Among other arguments, the City asserted it is absolutely immune from liability under section 818.8. The City also asserted the allegations in the complaint did not support a cause of action for slander of title.[2] The court found the City was immune from liability under section 818.8 and related section 822.2, and it sustained the City's demurrer without leave to amend.

III

DISCUSSION

The standards for reviewing a judgment of dismissal following the sustaining of a demurrer without leave to amend are well settled. " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed."

---

[2] The City raised this issue for the first time in its reply brief below. Finch objected to the tactic and requested the court either disregard the issue or provide Finch an opportunity to fully respond. The court did not allow additional briefing nor did it address the issue in its ruling. Nonetheless, both parties have fully briefed the issue on appeal.

4

[Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' " (*Simonelli v. City of Carmel-By-The-Sea* (2015) 240 Cal.App.4th 480, 483, quoting *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

A

Finch contends the court erred in finding the immunities in sections 818.8 and 822.2 applied to Finch's slander of title cause of actions. We agree.

Section 818.8 provides, "A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional." Section 822.2 provides, "A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice."

The Senate Legislative Committee's comments to section 818.8 explain, "This section provides public entities with an absolute immunity from liability for negligent or intentional misrepresentation. A similar immunity is provided public employees by Section 822.2, except that an employee may be held liable if he is guilty of actual fraud,

5

corruption or actual malice."  (Legis. Com. com., 32 pt.1 West's Ann. Cal. Gov. Code, (2012 ed.) foll. § 818.8, p. 346.)

For purposes of these applying sections, "misrepresentation" narrowly refers to causes of action that are forms of the common law tort of deceit (codified in Civ. Code, § 1709) and involve interferences with financial or commercial interests.  (*Johnson v. State of California* (1968) 69 Cal.2d 782, 800; *City of Costa Mesa v. D'Alessio Investments, LLC* (2013) 214 Cal.App.4th 358, 383 (*Costa Mesa*); *Curcini v. County of Alameda* (2008) 164 Cal.App.4th 629, 649.)  California law generally recognizes four forms of deceit:  intentional misrepresentation, negligent misrepresentation, concealment, and failure to perform a promise.  (Civ. Code, §§ 1572, 1710; *Schonfeld v. City of Vallejo* (1975) 50 Cal.App.3d 401, 408, disapproved of on another point by *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743.)  Courts have assumed the immunities in sections 818.8 and 822.2 apply to all four forms of deceit.  (*Costa Mesa*, *supra*, at p. 383; *Michael J. v. Los Angeles County Dept. of Adoptions* (1988) 201 Cal.App.3d 859, 867–868.)

Regardless, slander of title is not a form of deceit.  It is a form of the separate common law tort of disparagement, also sometimes referred to as injurious falsehood.[3]

---

[3]    Among the differences between deceit and disparagement, deceit involves a false or misleading communication to the plaintiff that induces the plaintiff to act while disparagement involves a false or misleading communication to a third party that induces the third party to act.  (3 Dobbs, et. al., The Law of Torts (2d ed. 2016) § 656, pp. 615–616; Rest.2d Torts, § 623A, com. e.)  "What [further] distinguishes a claim of disparagement is that an injurious falsehood has been directed *specifically* at the plaintiff's business or product, derogating that business or product and thereby causing

(Compare Rest.2d Torts, § 525 with Rest.2d Torts, §§ 623A, 624; see 3 Dobbs et al., The Law of Torts, *supra*, § 656, p. 617; see also *Hartford*, *supra*, 59 Cal.4th 277, 289–290.) Consequently, the immunities in sections 818.8 and 822.2 do not apply to slander of title. (See *Costa Mesa*, *supra*, 214 Cal.App.4th at p. 383.)

B

The absence of an applicable immunity does not end our inquiry as the City alternatively asserts the complaint fails to adequately allege a slander of title cause of action. We agree.

The Supreme Court has recently determined a viable disparagement claim, which necessarily includes a slander of title claim, requires the existence of a "misleading statement that (1) specifically refers to the plaintiff's product or business and (2) clearly derogates that product or business. Each requirement must be satisfied by express mention or by clear implication." (*Hartford*, *supra*, 59 Cal.4th at p. 284.) Neither requirement is satisfied here.

According to the allegations in Finch's complaint, the statement at issue here was contained in a letter to a specific third-party sublessee and opined the improvements on a specific third-party lessee's leasehold were the property of the third-party lessee until the lease expired, at which time the improvements would become the City's property. The statement did not expressly mention Finch or Finch's property. In addition, because the statement expressly referred to improvements on a specific third-party lessee's leasehold,

---

that plaintiff special damages." (*Hartford Casualty Ins. Co. v. Swift Distribution, Inc.* (2014) 59 Cal.4th 277, 294 (*Hartford*).)

not Lancair's leasehold, the statement did not clearly implicate Finch or Finch's property. Lancair's unsuccessfully attempt to use the statement by analogy against Finch and Finch's property is not sufficient to satisfy the specific reference and clear derogation requirements established in the *Hartford* case.  As Finch has not established it can cure the pleading defect, we conclude the court did not err by sustaining the City's demurrer to Finch's complaint without leave to amend.

IV

DISPOSITION

The judgment is affirmed.  The City is awarded its costs on appeal.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

AARON, J.

8