Filed 11/17/20  Doan v. Ghoshal CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| WILLIAM DOAN, | C088128 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201700214451CUMCGDS) |
| v. | |
| ASISH GHOSHAL, | |
| Defendant and Respondent. | |

On June 21, 2017, plaintiff, serving as a caretaker, transported a patient to defendant's medical office.  When plaintiff presented the receptionist with the patient's insurance card, the receptionist bent the card and got into a loud verbal altercation with plaintiff and the patient, culminating in plaintiff and the patient being ejected from the office.  Plaintiff commenced this action asserting causes of action to recover damages

1

under Civil Code section 52.1[1] and for intentional infliction of emotional distress.[2]  The trial court sustained defendant's demurrer to the original complaint with leave to amend. After numerous additional procedural steps, the trial court sustained defendant's demurrer to plaintiff's third amended complaint without leave to amend and entered judgment in favor of defendant.[3]

Plaintiff, appearing in propria persona, asserts on appeal:  (1) the trial court abused its discretion in sustaining the demurrer without leave to amend, (2) plaintiff's proposed amendments relate to the same general set of facts, and (3) his proposed third amended complaint was not a sham pleading.[4]

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### Alleged Facts[5]

Plaintiff transported the patient to defendant's medical practice.  Upon their arrival, the receptionist directed plaintiff to fill out an admittance form and requested the patient's insurance card.  The patient was a MediCal recipient who ordinarily had both a MediCal card and a Health Management Organization (HMO) card issued by the

---

[1]  Undesignated statutory references are to the Civil Code.

[2]  The patient is not a party to this action.

[3]  In actuality, this pleading was only the second amended complaint.  As plaintiff acknowledges, he misnamed it the third amended complaint.  We adhere to that name for consistency.

[4]  Regarding his third contention, plaintiff refers to both a second and third amended complaint.  We assume this results from the confusion resulting from his erroneous denomination of the operative complaint as the third amended complaint even though it was, in actuality, the second amended complaint.

[5]  The underlying facts are derived from the third amended complaint, as it is the operative pleading.

contracted health care provider for MediCal. At the time, however, the patient only had her MediCal card with her. The receptionist "rejected the MediCal card, stating that it was the wrong card." Plaintiff attempted to explain the patient's insurance circumstances and urged the receptionist to contact the patient's insurer. However, the receptionist "refused to do so and immediately bent the patient's MediCal card in an attempt to destroy the card." Plaintiff stopped the receptionist before she could destroy the patient's MediCal card. A loud verbal altercation ensued. According to plaintiff, defendant failed to intervene "to stop [the receptionist's] rude and boisterous demeanor toward Plaintiff and the patient." Indeed, according to plaintiff, defendant "physically pushed Plaintiff and the patient out of the medical clinic through the front door." A number of weeks passed before the patient obtained another referral from the HMO.

**Procedural Background Prior to the Third Amended Complaint**

Plaintiff filed a complaint against defendant and "Jane Doe," asserting causes of action to recover damages for violation of section 52.1, former subdivision (b), and intentional infliction of emotional distress.[6]

Defendant demurred to plaintiff's complaint. The trial court affirmed its tentative ruling, sustaining defendant's demurrer with leave to amend. The trial court determined plaintiff failed to state a cause of action under section 52.1, former subdivision (b), because the right of action is personal, the patient was not a named plaintiff, and assignment of personal injury claims asserted against third parties is void. As for the intentional infliction of emotional distress cause of action, the trial court determined that plaintiff alleged insufficient detail to support each element. The court further stated that

---

[6] Section 52.1 has since been amended to add a new subdivision (a) identifying section 52.1 as the Tom Bane Civil Rights Act. (See § 52.1, subd. (c); Stats. 2018, ch. 776, § 4.) As a result, the provision in former subdivision (b) providing for a personal right of action is now found in subdivision (c). We discuss the pertinent parts of this statute, *post*.

it was not clear whether plaintiff was asserting the cause of action based on the conduct of Jane Doe, defendant, or both.

Plaintiff filed a first amended complaint, asserting causes of action sounding in trespass to chattel, intentional infliction of emotional distress, negligent hiring and retention, assault, and battery. Defendant again demurred. In granting, as unopposed, defendant's motion to strike portions of the first amended complaint, the trial court granted plaintiff leave to file a second amended complaint "**only** as to the two causes of action set forth in the original complaint . . . ."

Plaintiff sought leave to file a second amended complaint. The proposed second amended complaint asserted the same causes of action asserted in the first amended complaint. After oral argument, the trial court granted plaintiff leave to file a second amended complaint only as to the two causes of action set forth in the original complaint— violation of section 52.1, former subdivision (b), and intentional infliction of emotional distress. The trial court stated that plaintiff failed to comply with California Rules of Court, rule 3.1324, addressed to amended pleadings, which requires, among other things, an explanation as to " 'Why the amendment is necessary and proper' "; " 'When the facts giving rise to the amended allegation were discovered' "; and " 'The reasons why the request for amendment was not made earlier.' " (Cal. Rules of Court, rule 3.1324.)

Plaintiff filed a motion for reconsideration pursuant to Code of Civil Procedure section 1008. Plaintiff asserted that, since the trial court's order, he had discovered new facts. Specifically, plaintiff had discovered that defendant Jane Doe was Anita Ghoshal, defendant's wife. Plaintiff alleged that both Anita Ghoshal and defendant worked at the medical office, and both were corporate officers of Asish Ghoshal MD, Inc. Plaintiff also asserted: "Both Anita Ghoshal and Asish Ghoshal, as husband and wife, own the real property, located at Anita Ghoshal and Asish Ghoshal [*sic*]." Plaintiff asserted that, because both Anita Ghoshal and Asish Ghoshal owned the land and operated the business

4

as corporate officers, they owed greater duties to the public and were subject to greater liabilities, and thus the "legal landscape changed with these new facts." (Underlining and italics omitted.) He asserted that the newly discovered facts gave rise to different circumstances.

The trial court denied plaintiff's motion for reconsideration. The court stated that plaintiff failed to aver when he learned of the new evidence and why he could not discover it earlier. "More importantly," the court stated that plaintiff's discovery that Jane Doe is Anita Ghoshal "is largely immaterial as to the Court's denial of the prior motion" for leave to amend. The trial court stated that plaintiff failed to establish any reason he should be excused for failing to satisfy the requirements of California Rules of Court, rule 3.1324.

### Third Amended Complaint

Plaintiff filed his "third amended complaint" (see fn. 3, *ante*), asserting causes of action to recover damages for violation of section 52.1, former subdivision (b), and intentional infliction of emotional distress.

In the first cause of action, asserted against defendant and Jane Doe, to recover damages for violation of section 52.1, plaintiff asserted that Jane Doe "exceeded her privilege as a medical office staff by engaging in conducts [*sic*] incompatible with a health care provider by attempting the destroy [*sic*] the patient's medical card and by evicting Plaintiff and the patient." Plaintiff asserted that "[b]oth defendants discriminated against Plaintiff and the accompanied patient because Plaintiff and the patient spoke their primary language — Vietnamese."

In the second cause of action, *asserted against Jane Doe*, to recover damages for intentional infliction of emotional distress, plaintiff asserted that there was a special relationship between defendants, as health care providers, and plaintiff and the patient. Plaintiff asserted that Jane Doe "abused this relationship by attempting to destroy" the patient's MediCal card, by failing to verify the patient's insurance status, and by

5

"physically throwing out the patient and the patient's care taker." Plaintiff maintained that Jane Doe's conduct was directed at him. He further asserted that Jane Doe "was acting in the capacity of an employee, i.e. the receptionist. Jane Doe was acting as an employee with the full knowledge, consent, condoning, and agreement of Defendant Asish Ghoshal." Plaintiff asserted that Jane Doe's conduct was outrageous, intentional, malicious, and beyond the bounds of that tolerated in a decent society. Plaintiff asserted that, as a proximate result of Jane Doe's conduct, he suffered severe emotional distress.

**Defendant's Demurrer and Plaintiff's Opposition**

Defendant demurred to the third amended complaint.

Defendant asserted that plaintiff lacked standing as to the first cause of action. He asserted that the patient, not plaintiff, was the real party in interest in that cause of action. Defendant further asserted that the first cause of action failed to state a cause of action and failed to plead facts with requisite specificity.

Defendant asserted that the second cause of action failed to plead sufficient facts to constitute a cause of action for intentional infliction of emotional distress.

In his opposition, plaintiff noted, among other things, that, while the intentional infliction of emotional distress cause of action in the original complaint was asserted against all defendants, the corresponding cause of action in the third amended complaint was asserted solely against Jane Doe.

**The Trial Court Ruling on the Third Amended Complaint**

In a tentative ruling on August 3, 2018, the trial court indicated its intent to sustain the demurrer to the third amended complaint without leave to amend.

As to the first cause of action, the trial court stated: "Even accepting the truth of Plaintiff's allegations that he was discriminated against by Defendants because he speaks Vietnamese, Plaintiff has failed to allege any other facts that would support a prima facie

6

case for violation of section 52.1(b),[7] such as how he was harmed. All of the alleged harm, if any, concerns the patient (not Plaintiff) being denied medical treatment and having her medical card bent." Additionally, because plaintiff did not provide any facts that would cure the defects, and because he had already had two attempts to amend his complaint, the trial court stated that it would not grant plaintiff further leave to amend.

As to the second cause of action, the trial court stated that the alleged facts constituting outrageous conduct "all concern actions taken by Jane Doe. None of the allegations concern any conduct undertaken by Dr. Ghoshal." The court further stated: "At most, Plaintiff alleges Jane Doe was acting as Dr. Ghoshal's employee 'with the full knowledge, consent, condoning, and agreement of' Dr. Ghoshal." The court determined that this was "insufficient." The court stated that there were "no allegations that Dr. Ghoshal's conduct is at issue for purposes of this cause of action. Indeed, Plaintiff even admits in his opposition that his claim for [intentional infliction of emotional distress] is alleged against Jane Doe." Again stating that plaintiff failed to furnish facts that would cure the defects and that plaintiff had already had two opportunities to amend, the trial court declined to afford plaintiff leave to amend.

There being no request for oral argument, the trial court affirmed its tentative ruling.

### Order, Judgment, and Appeal

In an order filed August 24, 2018, the trial court essentially reiterated its tentative ruling, sustaining defendant's demurrer to the third amended complaint without leave to amend. In a judgment filed the same day, the trial court dismissed defendant Asish Ghoshal, M.D., from the action, with prejudice, and entered judgment in his favor.[8]

---

[7] See footnote 6, *ante*.

[8] Prior to the trial court sustaining the demurrer to the third amended complaint, plaintiff filed another motion to amend his pleading. Following its determination sustaining the

7

Plaintiff filed a notice of appeal on September 28, 2018, appealing from the judgment of dismissal after an order sustaining a demurrer.

## DISCUSSION

### I. Ruling on the Demurrer to the Third Amended Complaint

#### A. Plaintiff's Contentions and Standard of Review

Plaintiff asserts that the trial court abused its discretion in sustaining defendant's demurrer without leave to amend.

A demurrer tests the sufficiency of the complaint as a matter of law, and it raises only questions of law. (Code Civ. Proc., § 589, subd. (a); see also Code Civ. Proc., § 430.30, subd. (a) ["When any ground for objection to a complaint, cross-complaint, or answer appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by a demurrer to the pleading"].) "We review a trial court's decision to sustain a demurrer for an abuse of discretion." (*Zipperer v. County of Santa Clara* (2005) 133 Cal.App.4th 1013, 1019.) " ' " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the [complaint] a reasonable interpretation, reading it as a whole and its parts in their context." ' " (*Finch Aerospace Corp. v. City of San Diego* (2017) 8 Cal.App.5th 1248, 1251-1252.) "[T]he complaint must be liberally construed and survives a general demurrer insofar as it states, however inartfully, facts disclosing some right to relief." (*Longshore v. County of Ventura* (1979) 25 Cal.3d 14, 22; see also *Daniels v. Select Portfolio Servicing, Inc.*

demurrer to the third amended complaint, the trial court denied the motion to amend, again relying on California Rules of Court, rule 3.1324, without prejudice to refiling the motion. Following entry of the order and judgment appealed from, on August 29, 2018, plaintiff refiled the motion to amend, appending a copy of his proposed fourth amended complaint. The trial court dropped plaintiff's unopposed motion from the calendar for failure of proper service.

(2016) 246 Cal.App.4th 1150, 1162 [we decide "whether a cause of action has been stated under any legal theory when the allegations are liberally construed"].)

"The party against whom a complaint . . . has been filed may object, by demurrer" on the ground, among others, that the complaint "does not state facts sufficient to constitute a cause of action." (§ 430.10, subd. (e).)

### B. Analysis

### 1. First Cause of Action—Violation of Section 52.1

### a. Section 52.1—The Tom Bane Civil Rights Act

Section 52.1 is referred to as the Tom Bane Civil Rights Act. (§ 52.1, subd. (a).)

At the time of the underlying incident, when plaintiff filed his complaint, and at the time of judgment, section 52.1, former subdivision (b), provided: "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a)." (§ 52.1, former subd. (b).) The identical provision can now be found in subdivision (c) of section 52.1.[9]

" 'The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threats, intimidation or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do

---

[9] We note that, as part of the amendment of section 52.1 (see fn. 6, *ante*), the two cross-references to subdivision (a) should have been amended to cross-reference subdivision (b). However, subdivision (c) still cross-references subdivision (a).

something that he or she was not required to do under the law.' " (*Shoyoye v. County of Los Angeles* (2012) 203 Cal.App.4th 947, 955-956.) "The legislative history of section 52.1, enacted in 1987, makes clear that the crucial motivation behind passage of section 52.1 was to address the increasing incidence of hate crimes in California." (*Id.* at p. 956.) "However, the statutory language does not limit its application to hate crimes. Notably, the statute does not require a plaintiff to allege the defendant acted with discriminatory animus or intent based upon the plaintiff's membership in a protected class of persons." (*Ibid.*; accord, *Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820, 841.) "A defendant is liable if he or she interfered with or attempted to interfere with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion." (*Shoyoye*, at p. 956.)

To establish a cause of action pursuant to section 52.1, former subdivision (b) and current subdivision (c), plaintiff would have to establish the following: (1) by threats, intimidation or coercion, defendant caused him to reasonably believe that if he exercised a particular right, defendant would commit violence against him or his property and that defendant had the apparent ability to carry out the threats *or* that defendant acted violently against plaintiff and plaintiff's property to prevent him from exercising his right in order to retaliate against plaintiff for having exercised his right; (2) defendant intended to deprive plaintiff of his enjoyment of the interests protected by his right; (3) plaintiff was harmed; and (4) defendant's conduct was a substantial factor in causing plaintiff's harm. (CACI No. 3066; accord, *Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4th 860, 882, quoting former CACI No. 3025.)

The third amended complaint alleged that defendant and Jane Doe discriminated against him, and the patient, because they spoke Vietnamese. The first cause of action alleged that Jane Doe "exceeded her privilege as a medical office staff by engaging in conducts [*sic*] incompatible with a health care provider by attempting the [*sic*] destroy the patient's medical card and by evicting Plaintiff and the patient." Plaintiff alleged that

10

Jane Doe bent the patient's MediCal card, and that defendant's ejection of the patient from his medical practice resulted in a delay in the patient receiving medical treatment.

While plaintiff may have alleged discrimination, he did not allege other facts sufficient to support a cause of action pursuant to section 52.1. As the trial court determined, plaintiff has not succeeded in alleging any harm or injury. The harm he has alleged was harm that befell the patient—damage to her insurance card and a delay in her medical treatment. The third amended complaint does not allege that defendant or Jane Doe intended to deprive plaintiff of his enjoyment of the interests protected by his right to speak Vietnamese. Moreover, we note the express language of section 52.1 limits a plaintiff to asserting a cause of action "in his or her own name and on his or her own behalf . . . ." (§ 52.1, subd. (c); see also § 52.1, former subd. (b).)

Plaintiff failed to state facts sufficient to constitute a cause of action pursuant to section 52.1.

### b. Section 51—The Unruh Civil Rights Act

The trial court addressed the first cause of action, at least in part, as an alleged Unruh Civil Rights Act violation. The Unruh Civil Rights Act and the Tom Bane Civil Rights Act are not the same; a claim under the latter is not a claim under the former, and the latter is not a component of the former. (*Stamps v. Superior Court* (2006) 136 Cal.App.4th 1441, 1452.) In asserting his statutorily based first cause of action in pleadings in the trial court, plaintiff relied on section 52.1, not section 51, the Unruh Civil Rights Act. In any event, "[i]n reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162 (*Novartis*).)

"All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, *ancestry, national origin*, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, *primary*

11

*language*, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." (§ 51, subd. (b), italics added.) To establish a cause of action under the Unruh Civil Rights Act, a plaintiff must prove (1) the defendant denied the plaintiff full and equal accommodations, (2) a substantial motivating reason for the defendant's conduct was the defendant's perception of the plaintiff's actionable characteristic, (3) the plaintiff was harmed, and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm. (CACI No. 3060.)

With regard to harm or injury, in *Koire v. Metro Car Wash* (1985) 40 Cal.3d 24 (*Koire*), a case involving sex discrimination by businesses, the defendants asserted, as to harm, that the plaintiff suffered no injury as a result of their gender-based price discounts in the form of "Ladies' Day" and "Ladies Night" promotions, and therefore the promotions did not violate the Unruh Civil Rights Act. (*Id*. at p. 33.) Rejecting this contention, our high court held that, "by passing the Unruh Act, the Legislature established that arbitrary sex discrimination by businesses is *per se* injurious." (*Ibid*.) Among other things, our high court noted that section 51 requires equal treatment, and section 52 provides for minimum statutory damages regardless of the plaintiff's actual damages. (*Koire*, at p. 33.) Our high court went on to conclude that the plaintiff was, in fact, injured. He had to pay more than his female counterparts at the defendants' bar and car washes. (*Id*. at p. 34.) Moreover, "differential pricing based on sex may be generally detrimental to both men and women, because it reinforces harmful stereotypes." (*Ibid*.) Thus, in *Koire*, our high court "interpreted the [Unruh Civil Rights] Act as broadly condemning any business establishment's policy of gender-based price discounts," and "determined that injury occurs when the discriminatory policy is applied to the plaintiff— that is, at the time the plaintiff patronizes the business establishment, tendering the nondiscounted price of admission." (*Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 175 (*Angelucci*).)

12

However, as our high court stated in *Angelucci*, "[e]ven in light of the *Koire* decision's broad definition of injury, of course, a plaintiff must have standing to bring an action under the" Unruh Civil Rights Act. (*Angelucci, supra*, 41 Cal.4th at p. 175.) Our high court agreed with the statement of the Court of Appeal in that case (although it disagreed with that court's ultimate determination), that " 'a plaintiff cannot sue for discrimination in the abstract, but must actually suffer the discriminatory conduct.' " (*Ibid.*) "In general terms, in order to have standing, the plaintiff must be able to allege injury—that is, some 'invasion of the plaintiff's legally protected interests.' " (*Ibid.*, quoting 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 862, p. 320.) "Standing rules for actions based upon statute may vary according to the intent of the Legislature and the purpose of the enactment." (*Angelucci*, at p. 175.) "[A]n individual plaintiff has standing under the [Unruh Civil Rights] Act *if he or she has been the victim of the defendant's discriminatory act*." (*Angelucci*, at p. 175, italics added.)

Here, it was the patient who was the victim of the alleged discriminatory act. As a result of defendant's alleged conduct, the patient suffered damage to her insurance card, defendant's failure to treat her, and a delay in her medical treatment after defendant forced the patient and plaintiff to leave. Plaintiff did not suffer any injury as a result of defendant's conduct. He did not suffer personal injury from any damage to the insurance card or the alleged refusal of treatment. He has not alleged any cognizable invasion of his legally protected interests, or that he was the victim of defendant's alleged discriminatory act. (See *Angelucci, supra*, 41 Cal.4th at p. 175.) Thus, we conclude plaintiff has failed to state a cause of action pursuant to section 51.[10]

---

[10] Even assuming the same "*per se* injurious" rule applicable to claims pursuant to section 51 (*Koire, supra*, 40 Cal.3d at p. 33), applies to violations of section 52.1, which incorporates the statutory damages provisions of section 52, we would undertake the same analysis and reach the same conclusion as to plaintiff's claim pursuant to section 52.1 that we reach analyzing section 51.

## 2. Second Cause of Action—Intentional Infliction of Emotional Distress

"A cause of action for intentional infliction of emotional distress exists when there is ' " ' "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." ' " ' [Citations.] A defendant's conduct is 'outrageous' when it is so ' " 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' " ' [Citation.] And the defendant's conduct must be ' " 'intended to inflict injury or engaged in with the realization that injury will result.' " ' " (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050-1051.)

The trial court correctly noted that plaintiff has asserted this cause of action against Jane Doe only. The third amended complaint expressly states that the second cause of action was asserted "against defendant Jane Doe." (Capitalization, bold, and underlining omitted.) In the second cause of action, plaintiff asserted that Jane Doe "abused this relationship by attempting to destroy" the patient's MediCal card, by failing to verify the patient's insurance status, and by "physically throwing out the patient and the patient's care taker." Plaintiff maintained that Jane Doe's conduct was directed at him. Plaintiff asserted that Jane Doe's conduct was outrageous, intentional, malicious, and beyond the bounds of that tolerated in a decent society. Plaintiff asserted that, as a proximate result of Jane Doe's conduct, he suffered severe emotional distress. In his opposition to defendant's demurrer to the third amended complaint, plaintiff specifically stated that the second cause of action in the third amended complaint was asserted solely against Jane Doe.

Inasmuch as the second cause of action was not asserted against defendant, the trial court properly sustained defendant's demurrer as to that cause of action. The second cause of action "does not state facts sufficient to constitute a cause of action" for

14

intentional infliction of emotional distress against defendant. (Code Civ. Proc., § 430.10, subd. (e).) On appeal, plaintiff does not argue that defendant is potentially liable under the second cause of action on any theory.

Consequently, plaintiff has failed to satisfy his burden of affirmatively demonstrating that the trial court erroneously sustained defendant's demurrer to the second cause of action.

## II. Sustaining Defendant's Demurrer Without Leave to Amend

### A. Standard of Review

"Where, as here, the trial court sustains the demurrer without leave to amend, we must decide whether there is a reasonable possibility the plaintiff can cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we must find the court abused its discretion and reverse. If not, the court has not abused its discretion." (*Mendoza v. JPMorgan Chase Bank, N.A.* (2016) 6 Cal.App.5th 802, 809 (*Mendoza*); accord, *Novartis, supra*, 4 Cal.5th at p. 162.) It is well-settled that, on appeal, the plaintiff bears the burden of proving an amendment would cure the defect. (*Novartis*, at p. 162; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*); *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*); *Mendoza*, at p. 809; *Friends of Shingle Springs Interchange, Inc. v. County of El Dorado* (2011) 200 Cal.App.4th 1470, 1485 (*Shingle Springs*).)

### B. Analysis

Plaintiff in his opening brief raises the issue of whether the trial court abused its discretion by denying leave to amend. He describes our review for abuse of discretion. He then asserts that defendant would not have been misled or prejudiced in any way by amendment, and therefore asserts the trial court abused its discretion in denying leave to amend. Plaintiff also contends that the trial court abused its discretion in denying leave

15

to amend because the pleading had only been amended once.[11]  Under a separate heading, plaintiff asserts that the trial court abused its discretion in denying him the opportunity to amend his pleading to add new causes of action, and that all facts in the proposed amendments relate to the same general set of facts as already pled in prior pleadings.

What plaintiff fails to do in his opening brief is set forth his proposed amendments and establish how his proposed amendments will cure the defects in his third amended complaint.  As noted, on appeal, the plaintiff bears the burden of proving an amendment would cure the defect.  (*Novartis, supra*, 4 Cal.5th at p. 162; *Schifando, supra*, 31 Cal.4th at p. 1081; *Blank, supra*, 39 Cal.3d at p. 318; *Mendoza, supra*, 6 Cal.App.5th at p. 809; *Shingle Springs*, *supra*, 200 Cal.App.4th at p. 1485.)  In plaintiff's opening brief, he simply does not address these determinative issues.  Plaintiff did not file a reply brief, and, in any event, it would be improper to raise new arguments in reply.  (See *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52, 56 [rejecting points raised for the first time in reply brief on appeal without good cause in reviewing trial court's ruling sustaining a demurrer without leave to amend].)

While plaintiff is representing himself, he is nonetheless held to the same standards and rules of procedure as an attorney.  (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)  " '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*Id*. at p. 1247.)

In short, plaintiff on appeal has not identified how he would amend his third amended complaint and he has not suggested how any proposed amendments would cure the defects in his pleading.  Plaintiff has advanced no substantive argument whatsoever

---

[11]  Elsewhere in his brief, plaintiff acknowledges that he amended his complaint more than once.

16

on these dispositive issues.  Therefore, plaintiff has failed to satisfy his burden of proving an amendment would cure the defects in his third amended complaint.  (See *Novartis, supra*, 4 Cal.5th at p. 162; *Schifando, supra*, 31 Cal.4th at p. 1081; *Blank, supra*, 39 Cal.3d at p. 318; *Mendoza, supra*, 6 Cal.App.5th at p. 809; *Shingle Springs*, *supra*, 200 Cal.App.4th at p. 1485.)

"While a plaintiff even on appeal . . . can most certainly make a showing that an amendment to the complaint will change its legal effect [citation], it is the plaintiff—not the court—who has the burden of showing that an amendment will have such an effect." (*Medina v. Safe-Guard Products, Internat., Inc.* (2008) 164 Cal.App.4th 105, 112, fn. 8 (*Medina*), citing Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2007) ¶ 7:130, p. 7–50.)  "As the Rutter Practice Guide states:  '*It is not up to the judge to figure out how the complaint can be amended to state a cause of action. Rather, the burden is on the plaintiff to show in what manner he or she can amend the complaint, and how that amendment will change the legal effect of the pleading.*' " (*Medina*, at p. 112, fn. 8, quoting Weil & Brown, ¶ 7:130, p. 7–50.)  " 'While such a showing can be made for the first time to the reviewing court [citation], *it must be made*.' " (*Medina*, at p. 112, fn. 8, quoting *Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711.)  Plaintiff has not made such a showing here.  Thus, plaintiff failed to carry his burden of demonstrating that the trial court abused its discretion in sustaining defendant's demurrer without leave to amend.

### III.  Sham Pleading

In the third of his three argument headings in his opening brief, plaintiff asserts that his third amended complaint (see fn. 4, *ante*) is not a sham pleading.  (See generally *Womack v. Lovell* (2015) 237 Cal.App.4th 772, 787 [discussing the sham pleading doctrine]; *Deveny v. Entropin, Inc.* (2006) 139 Cal.App.4th 408, 425-426 [same]; *Owens v. Kings Supermarket* (1988) 198 Cal.App.3d 379, 383-384 [same].)  We need not address this contention in any detail here.  In light of our determination that plaintiff has

failed to establish that the trial court abused its discretion in sustaining defendant's demurrer without leave to amend, plaintiff's contention that his third amended complaint is not a sham pleading is moot.

## DISPOSITION[12]

The judgment is affirmed.  Defendant shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/

MURRAY, J.

We concur:

/s/

BLEASE, Acting P. J.

/s/

RENNER, J.

---

[12]  In his brief, defendant also addresses the trial court's denial of plaintiff's requests for leave to file second and fourth amended complaints.  Because plaintiff makes no arguments addressed to these issues, we need not address them.