Filed 3/25/26  P. v. Clayton CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TIMOTHY DWAYNE CLAYTON,<br><br>    Defendant and Appellant. | B341021<br><br>(Los Angeles County<br>Super. Ct. No.<br>TA029516) |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge. Modified and affirmed with directions.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland and Susan Sullivan Pithey, Assistant Attorneys General, Steven E. Mercer and Kenneth C. Byrne, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 1995, Timothy Dwayne Clayton (appellant) was sentenced to 39 years to life for crimes he committed when he was 17 years old. In 2023, he filed a petition under Penal Code[1] section 1170, subdivision (d)(1), which permits juvenile offenders sentenced to life without the possibility of parole (LWOP) to seek recall and resentencing. The trial court denied his petition, concluding that his sentence was neither LWOP nor its functional equivalent given that he is already eligible for parole. We agree and affirm, but remand for the trial court to amend the abstract of judgment to clarify appellant's original sentence.

## BACKGROUND

In 1994, appellant was charged by information with one count each of murder (§ 187, subd. (a)) and attempted murder (§§ 664/187, subd. (a)), and two counts of attempted second degree robbery (§§ 664/211). It was further alleged as to all counts that appellant personally used a firearm (§ 12022.5, subd. (a)), and as to the murder and attempted murder that he inflicted great bodily injury (GBI) (§ 12022.7, subd. (a)).

In 1995, a jury found appellant guilty of murder, attempted murder, and two counts of attempted second degree robbery, and found true the firearm and GBI enhancements. The trial court sentenced him to a total of 39 years to life.

In 1997, the California Department of Corrections and Rehabilitations (CDCR) informed the trial court that the abstract of judgment was incomplete. The trial court ordered the abstract to be amended to reflect that the sentences on the attempted robbery counts were to run concurrently with the murder sentence.

---

[1] Undesignated statutory references are to the Penal Code.

In 2005, the trial court recognized that the amended abstract prepared in 1997 did not fully correct the original abstract and therefore ordered another amendment, this time to reflect that the sentences for attempted robbery were to run concurrently with the murder sentence. This amended abstract, filed in January 2006, shows that the attempted robbery sentences are to run concurrently with the murder count but fails to specify whether the life sentence was imposed consecutively or concurrently.

In July of 2023, appellant filed a habeas corpus petition on his own behalf, seeking recall and resentencing under section 1170, subdivision (d)(1) and *People v. Heard* (2022) 83 Cal.App.5th 608. The trial court construed this as a petition for recall and resentencing under the same section.

On September 23, 2024, the trial court denied appellant's request for recall and resentencing, concluding that his sentence is not the functional equivalent of LWOP, given that appellant has "already had a parole hearing" and "has another one coming up."[2] Because the court construed appellant's habeas corpus petition as a petition for recall and resentencing under section 1170, subdivision (d), its denial is an appealable order. (See § 1237, subd. (b) [an order is appealable that is "made after judgment, affecting the substantial rights of the party"].)

---

[2] According to the CDCR's California Incarcerated Records and Information Search (CIRIS), appellant is 49 years old, and had his first parole hearing in May of 2018, when he was denied parole for seven years. In February of 2025, he stipulated to unsuitability for three years, and he is tentatively set to be considered for parole in February 2028. (CDCR CIRIS <http://https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=J96793> [as of March 4, 2026, archived at https://perma.cc/8V9W-PVUC.])

**DISCUSSION**

## 1. Legal background

In the years since appellant was sentenced in 1995, the law governing juvenile punishment has undergone a " 'sea change' " based on the "developments in scientific research on adolescent brain development confirming that children are different from adults in ways that are critical to identifying age-appropriate sentences." (*O.G. v. Superior Court* (2021) 11 Cal.5th 82, 88 (*O.G.*).) As a result, the punishment that could validly be imposed on juvenile offenders has been curtailed. (*People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1048 (*Bagsby*).)

In *Roper v. Simmons* (2005) 543 U.S. 551, 569–571 [125 S.Ct. 1183], the United States Supreme Court held that sentencing juvenile offenders to death violates the Eighth Amendment. Five years later, the high court went further to hold that the Eighth Amendment also categorically prohibits sentencing nonhomicide juvenile offenders to LWOP, and that states must give such offenders a meaningful opportunity for release. (*Graham v. Florida* (2010) 560 U.S. 48, 68–75 [130 S.Ct. 2011] (*Graham*).) *Miller v. Alabama* (2012) 567 U.S. 460, 469–470 [132 S.Ct. 2455] (*Miller*) extended *Graham*'s reasoning to homicide cases, holding that juvenile offenders convicted of homicide may not be sentenced to LWOP. And in *People v. Caballero* (2012) 55 Cal.4th 262, 268 (*Caballero*), our own high court concluded "that sentencing a juvenile offender for a nonhomicide offense to a term of years with a parole eligibility date that falls outside the juvenile offender's natural life expectancy" violates the Eighth Amendment.

4

## 2. Section 1170, subdivision (d)

The same concerns about age-appropriate sentencing motivated the Legislature to enact section 1170, subdivision (d) (Stats. 2012, ch. 828, § 1). (*People v. Heard, supra*, 83 Cal.App.5th at p. 617; *In re Kirchner* (2017) 2 Cal.5th 1040, 1049.) This law allows a juvenile offender who "was sentenced to imprisonment for life without the possibility of parole" and has been incarcerated for at least 15 years to "petition for recall and resentencing." (§ 1170, subd. (d)(1)(A).) Although the statute explicitly applies to those sentenced as juveniles to LWOP, the court in *Heard* held that denying the same relief to juvenile offenders who were sentenced to the functional equivalent of LWOP violates the equal protection clause. (*Heard*, at pp. 612, 633–634.)

Courts have made clear that not all lengthy sentences equate to LWOP. (E.g., *People v. Baldwin* (2025) 113 Cal.App.5th 978, 999, 1006 (*Baldwin*) ["appellant's sentence of 44 years to life [with] parole eligibility at age 60 is not clearly outside his natural lifetime" and does not violate equal protection]; *People v. Olmos* (2025) 109 Cal.App.5th 580, 583 [33 years to life was not functional LWOP]; *People v. Perez* (2013) 214 Cal.App.4th 49, 58 (*Perez*) ["by no stretch of the imagination" can a sentence resulting in parole eligibility at age 47 be called a functional LWOP].)[3]

---

[3] The Courts of Appeal are currently split on whether a sentence of 50 years to life constitutes the functional equivalent of LWOP in the context of section 1170, subdivision (d). (Compare *People v. Munoz* (2025) 110 Cal.App.5th 499 [50 years not functional equivalent of LWOP for purposes of 1170, subdivision (d)], review granted June 25, 2025, S290828, with *People v. Cabrera* (2025) 111 Cal.App.5th 650, 653.)

### 3. Section 3051

To bring juvenile sentencing into conformity with *Graham*, *Miller*, and *Caballero*, the Legislature enacted section 3051 and made other changes to the Penal Code (Stats 2013, ch. 314, § 4). Section 3051 requires the Board of Parole Hearings to conduct youth offender parole hearings at specified times during the incarceration of juvenile offenders. (*People v. Sorto* (2024) 104 Cal.App.5th 435, 443–444 (*Sorto*); see *Baldwin, supra*, 113 Cal.App.5th at p. 989.)

In *People v. Franklin* (2016) 63 Cal.4th 261, 268, defendant Franklin was 16 years old when he killed someone, and he was sentenced to two consecutive 25-years-to-life sentences, meaning he would be eligible for parole when he reached 66 years of age. On appeal, he argued that this sentence was the functional equivalent to LWOP and thus violated the Eighth Amendment. (*Id*. at p. 272.) By the time the case reached our Supreme Court, the Legislature had provided for youth offender parole hearings with section 3051, and the court held that this section mooted Franklin's constitutional challenge because he was now entitled to a parole hearing during his 25th year of incarceration, meaning his "sentence is neither LWOP nor its functional equivalent." (*Franklin*, at pp. 268, 280.)

The Courts of Appeal are divided on whether section 3051 has mooted equal protection challenges to functional LWOP sentences for juvenile offenders by giving such offenders a meaningful opportunity for release during the 25th year of incarceration. (Compare *People v. Lara* (2025) 115 Cal.App.5th 484, 487–488 (*Lara*) ["appellant has been given a parole hearing and so it is plain to see that he is not presently serving the functional equivalent of LWOP"], *People v. Isayev* (2025) 113

Cal.App.5th 1117, 1128 (*Isayev*) [same], *People v. Ortega* (2025) 111 Cal.App.5th 1252, 1262 (*Ortega*) [same], with *Sorto*, *supra*, 104 Cal.App.5th at p. 448 [it is enough that the defendant "was sentenced" to functional LWOP sentence, notwithstanding section 3051]; see also *Bagsby*, *supra*, 106 Cal.App.5th at p. 1063.)

4. **Appellant's petition was correctly denied because he is not serving the functional equivalent of LWOP**

    a. **Appellant was sentenced to 39 years to life**

Appellant argues that his original sentence was either 44 years to life or 51 years to life. This is incorrect, as shown by the transcript of sentencing hearing (see *People v. Mitchell* (2001) 26 Cal.4th 181, 185 (*Mitchell*) [the trial court's oral judgment controls]), at which the trial court sentenced appellant as follows: (1) for murder, 25 years to life, plus four years for the firearm enhancement; (2) for attempted murder, a consecutive term of life, plus three years for the great bodily injury enhancement (the sentence for the firearm enhancement was stayed); (3) and (4) for the two attempted robberies, terms of two years, plus four years for the firearm enhancements (six years each), to run concurrently with each other and with count one.[4] Because section 3046 requires a defendant serving a life sentence to serve at least seven years of that sentence before being eligible for parole (§ 3046, subd. (a)(1)), and because the life sentence on the attempted murder count was imposed consecutively to the 29-years-to-life sentence for murder, we have added the seven-year minimum and the three-year GBI enhancement to arrive at a

---

    [4] We grant the People's request for judicial notice of the reporter's transcript from the original sentencing hearing on November 30, 1995.

7

total term of 39 years to life.  (§ 669, subd. (a) [when a person receives a life sentence that is to run consecutive to any determinate term, the determinate term "shall be served first and no part thereof shall be credited toward the person's eligibility for parole as calculated pursuant to Section 3046" or any other law establishing a minimum period of confinement under the life sentence before parole eligibility].)  Appellant was 19 years old when he was sentenced and was given 1,128 days (about three years) of custody credits, meaning that at the time of his original sentence, appellant was to become eligible for parole when he was 55 years old.

### b. 39 years to life is not functional LWOP

In *Caballero, supra,* 55 Cal.4th at page 268, our Supreme Court defined functional LWOP sentences as those with "a parole eligibility date that falls outside the juvenile offender's natural life expectancy."  Later decisions have refined this standard, but no published opinion has found a sentence as short as 39 years to life to constitute functional LWOP, and we decline to do so here. (See *Baldwin, supra,* 113 Cal.App.5th at p. 999 ["appellant's sentence of 44 years to life [with] parole eligibility at age 60 is not clearly outside his natural lifetime"].)  More specifically, whether appellant's sentence of 39 years to life *was* a functional LWOP is a moot question given that he is already eligible for parole and is not currently serving a functional LWOP sentence.  (See *Franklin, supra,* 63 Cal.4th at pp. 279–280 ["Franklin is now serving a life sentence that includes a meaningful opportunity for release during his 25th year of incarceration," and "[s]uch a sentence is neither LWOP nor its functional equivalent"].)  We side with the line of cases which have concluded that "eligibility for resentencing relief under section 1170, subdivision (d), turns

on the sentence in effect at the time of the petition, not whatever sentence originally was imposed." (*Isayev, supra,* 113 Cal.App.5th at p. 1128; accord *Lara, supra,* 115 Cal.App.5th at p. 488; *Ortega, supra,* 111 Cal.App.5th at p. 1265.)  Appellant, who is now 49 years old, has already been considered for parole and is slated to be considered again in the next couple of years. His equal protection claim based on having been sentenced to functional LWOP is therefore moot.

## 5.  The abstract of judgment should be modified to accurately reflect appellant's sentence

As noted by the People, the twice-amended abstract of judgment remains lacking in that it fails to specify whether the life sentence on the second count (attempted murder) was imposed consecutive to the sentence on count one (murder).  The trial court is ordered to prepare an amended abstract to show not only that counts three and four (for attempted robbery) are concurrent with count one, but also that the sentence on count two is consecutive to that on count one.  (See *Mitchell, supra,* 26 Cal.4th at p. 185 [it is "important that courts correct errors and omissions in abstracts of judgment"].)

9

**DISPOSITION**

The trial court's order denying appellant's petition for resentencing under section 1170, subdivision (d), is affirmed. The trial court is directed to prepare an amended abstract of judgment that reflects appellant's life sentence on count two (attempted murder) is consecutive to his sentence on count one (murder) and to forward a certified copy to the CDCR.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


GILBERT, J.*

_____

\* Retired Presiding Justice of the Court of Appeal, Second Appellate District, Division Six, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.